■ GREAT RIVER REALTY CORP., Appellant-Respondent, v. ALLEN B. DAVIS, Respondent-Appellant, and MILTON L. BURNS, as Treasurer of the County of Suffolk, et al., Respondents.— In an action pursuant to article 15 of the Real Property Law to determine a claim to real property, plaintiff appeals from a judgment dismissing the complaint after trial. Defendant Davis cross-appeals from said judgment insofar as it fails to award costs to him. Judgment modified on the law by providing that the dismissal of the complaint be with costs to defendant Davis. As so modified, judgment unanimously affirmed, with one bill of costs to respondent-appellant and one bill of costs to defendants-respondents, payable by appellant-respondent. The findings of fact are affirmed. As this action, while actually tried at Special Term without a jury, was triable before a jury, Davis, as a prevailing party, was entitled to costs of the action as a matter of course (Connolly v. Curry, 268 App. Div. 1067, 269 App. Div. 667; County of Nassau v. Hardie, 268 App. Div. 1068, 269 App. Div. 667). Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ. [See 5 A D 2d 679.]

■ CHARLOTTE HARFENES et al., Respondents, v. NATHAN RACHLIN, Appellant, et al., Defendant.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from an order denying appellant's motion to dismiss the complaint for lack of prosecution. Order reversed, without costs, and motion granted, without costs. The failure to prosecute for approximately seven years and the absence of any showing of merit warrant dismissal. (Birch v. Wolper, 1 A D 2d 1028.) Nolan, P. J., Murphy, Ughetta and Hallinan, JJ., concur; Kleinfeld, J., dissents and votes to affirm.

■ GEORGE W. HINCKLEY, JR., et al., Appellants, v. JOSEPH PAIGE, Individually and as President of the Taxpayers and Parents League, Respondent, et al., Defendant.— In an action to recover damages for libel, the appeal is from (1) an order granting a motion by respondent to dismiss the complaint as to him for lack of prosecution, (2) the judgment entered thereon and (3) an order denying a motion by appellants for a rehearing on additional facts, designated by them as a motion for reargument. Order denying motion for rehearing on additional facts reversed, without costs, and motion granted; on rehearing, motion to dismiss complaint as to respondent denied, and judgment vacated. Appeal from order granting motion to dismiss complaint dismissed, without costs, as academic. The motion by appellants was in fact an application for a rehearing upon additional papers. As such, the order entered thereon is appealable and the new matter may be considered (McNees v. Scholoff, 2 A D 2d 820; Gold v. Travelers Ins. Co., 263 App. Div. 817; Webb & Knapp v. United Cigar-Whalen Stores Corp., 276 App. Div. 583). In our opinion, appellants have presented a showing of merits and a reasonable excuse for the delay. Under the circumstances, it was an improvident exercise of discretion to deny them their day in court. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.