■ COMMERCIAL TRADING COMPANY, INC., Appellant, v. 120 JANE CORP., Respondent, et al., Defendant.— Order entered July 6, 1966, (1) granting motion of respondent 120 Jane Corp. for summary judgment in each of three consolidated actions and for an order directing discharge of the *lis pendens* filed in the mortgage foreclosure action and canceling the mortgage, and (2) denying cross motion of appellant Commercial Trading Company, Inc., for summary judgment, unanimously modified, on the law, to the extent of denying respondent's motion, and, as so modified, affirmed, with $50 costs and disbursements to abide the event. The litigation concerns the validity of a guarantee, and of the mortgage securing it, given by respondent "not in furtherance of its corporate purposes" (see Business Corporation Law, § 908). Respondent is a close corporation, running its affairs with apparently the loosest informality. Its stock is stated to be owned in equal shares by the wives of its three directors. It appears that the instruments in question were executed on behalf of respondent with the approval of the directors and two of the stockholders. Respondent impugns the instruments on the ground that they were neither authorized at a meeting of stockholders as required by section 908 of the Business Corporation Law, nor consented to in writing by the third stockholder, Mrs. Arbitman, pursuant to section 615. We agree with respondent that section 203 does not shield appellant from the consequences of noncompliance with section 908 (cf. *Shorell Labs.* v. *H. Allen Lightman, Inc.*, 24 A D 2d 856; 1 Model Bus. Corp. Act Ann., § 6, par. 4, p. 204), and that Mrs. Arbitman did not consent in writing is undisputed. The record, however, discloses issues of acquiescence and ratification on the part of Mrs. Arbitman which if determined against her may be sufficient in equity to bar respondent's challenge (see *Diamond* v. *Diamond*, 307 N. Y. 263, 266; *Kent* v. *Quicksilver Min. Co.*, 78 N. Y. 159, 187; *Capitol Wine & Spirit Corp.* v. *Pokrass*, 277 App. Div. 184 [VAN VOORHIS, J.], affd. 302 N. Y. 734). Thus, director Goldman states that he was told by Mr. Arbitman "in behalf of both himself and his wife, that they consented and

had no objection." Mrs. Arbitman asserts that neither she nor her husband consented, yet no affidavit by the latter is submitted. Again no denial or explanation is offered of her alleged delay in objecting to the transaction after its consummation. Appellant appears to have been a stranger to the participants in respondent's enterprise and is entitled to have such evidentiary conflicts trial-tested. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Steuer and Capozzoli, JJ.