■ RONALD WOOD, Respondent, v ELIZABETH J. PICON, Individually and as Administratrix of the Estate of ROGER J. PICON, Deceased, Appellant.—In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Nassau County, dated December 17, 1976, which granted plaintiff-respondent's motion for summary judgment and directed an assessment of damages. Order reversed, on the law, without costs or disbursements, and motion denied. Roger J. Picon, while driving a vehicle owned by his mother, the defendant-appellant, was killed in a one-car accident. At the time plaintiff, a passenger in the vehicle, was sitting beside him on the front seat. Plaintiff suffered serious personal injuries when the automobile left the highway and struck objects at the side of the road. After commencing an action to recover damages based upon the driver's negligence, plaintiff moved for summary judgment. His motion was denied, with leave to renew upon the completion of his examination before trial (EBT). An EBT was duly held, after which the motion for summary judgment was renewed. Special Term granted the motion and set the matter

down for an assessment of damages. It is from the order entered on the granting of this motion that defendant appeals. Plaintiff is the sole surviving eyewitness to the accident. With all due respect to his presumed honesty, he could have said anything at the EBT that he chose to say. It is important to note that an EBT is, as its name suggests, an examination before trial (CPLR 3113), and not a cross-examination (see Dolan, Examination Before Trial and Other Disclosure Devices [rev ed], § 45). Special Term had before it only the cold record. The Justice presiding did not see the plaintiff, who to him was merely a voice offstage. Unlike a trial in open court, where the testimony of a witness can be more properly evaluated, the court had only a transcript with which to weigh the testimony of the plaintiff, who has the sole and exclusive knowledge of the facts of the accident (see *Rowden v National Car Rental,* 36 AD2d 762). A plenary trial will enable the counsel for the defendant to conduct a searching inquiry of the plaintiff before an impartial jury on the elements of negligence and contributory negligence (see *Gravenhorst v Zimmerman,* 236 NY 22, 38). Cohalan, J. P., Damiani, Hawkins and O'Connor, JJ., concur; Mollen, J., dissents and votes to affirm the order, with the following memorandum: I would affirm upon the memorandum decision of Mr. Justice Kelly at Special Term. I would further note that defendant's counsel conducted an extensive examination before trial of plaintiff, without limitation of any kind. In the course of this examination, there was ample opportunity to ascertain any facts pertaining to contributory negligence on the part of the plaintiff, or freedom from negligence on the part of the deceased driver. No such facts were ascertained or indicated. Under these circumstances, although it is unusual to grant summary judgment in negligence actions, I see no useful purpose to be served by a trial as to liability in the absence of any factual issue.