(November 15, 1977)

■ ROYAL BUSINESS FUNDS CORP., Respondent, v COMMERCIAL TRADING COMPANY, INC., Appellant.—Appeals from order, entered November 19, 1976, granting summary judgment to the plaintiff, dismissing the counter-claims, and denying defendant's cross motion to vacate its default under the order of preclusion, and from the order, entered December 22, 1976, denying reargument and renewal, unanimously dismissed, without costs and without disbursements. Judgment of the Supreme Court, New York County, entered January 4, 1977, awarding the plaintiff the sum of $33,567.35 against the defendant, unanimously reversed, on the law, with $60 costs and disburse-ments of this appeal to defendant-appellant, and the motion for leave to renew granted, and upon renewal, plaintiff's motion for summary judgment denied and defendant's motion for leave to vacate its default under the order of preclusion granted. Defendant is directed to serve its bill of particulars within 20 days after service upon it by plaintiff of a copy of the order to be entered hereon with notice of entry. The appeal from the order (improperly denominated order and judgment), entered November 19, 1976 granting summary judgment to the plaintiff dismissing the counterclaims, and denying defendant's motion to vacate its default, is dismissed as

academic since that order was superseded by the order, entered December 22, 1976, denying reargument and implicitly denying renewal. (*Hinckley v Paige,* 4 AD2d 949). The appeal from the order, entered December 22, 1976, is an intermediate order that will be reviewed on the appeal from the final judgment. (CPLR 5501, subd [a], par 1; *Maguire Leasing Corp. v Falb & Co.,* 49 AD2d 540.) Hence, the separate appeal from that order must also be dismissed. Bag-Time Industries, Inc., plaintiff's assignor, executed a guarantee of a factoring agreement between the defendant and Murray Mintz Industries, Inc. The plaintiff, Bag-Time's sole stockholder, maintains that Bag-Time's guarantee was not authorized under section 908 of the Business Corporation Law but was effected by the unauthorized actions of Bag-Time's officers, Martin and Clifford Hartman. Plaintiff further maintains that, since the subject guarantee is not binding upon Bag-Time, defendant did not have the right to "charge back" against Bag-Time's account upon Mintz's default. Parenthetically, it should be noted that the Hartmans were also officers of Mintz. Plaintiff's original motion for summary judgment was properly granted because defendant's principal had merely reiterated the pleadings in his opposing affidavit. (*Indig v Finkelstein,* 23 NY2d 728.) However, upon defendant's motion for leave to reargue and renew, documentation was submitted, for the first time, that indicated plaintiff was aware that a commercial relationship existed between Bag-Time and Mintz. It is not evident from that documentation whether plaintiff's officers were aware of the existence of the guarantee. Nonetheless, in view of the fact that plaintiff's awareness or lack of awareness of the guarantee is a matter within its exclusive knowledge and clearly not within the knowledge of the defendant, summary judgment should have been denied (*Crocker-Citizens Nat. Bank v L. N. Mag. Distrs.,* 26 AD2d 667). In this regard, it should be emphasized that plaintiff's principal does not explicitly state that he was unaware of the guarantee; he merely argues that the guarantee was unauthorized. The factual question of whether plaintiff acquiesced in or ratified the guarantee should be explored at a plenary trial (*Commercial Trading Co. v 120 Jane Corp.,* 27 AD2d 533). The motion for leave to renew should have been granted, and upon renewal, the motion for summary judgment should have been denied. Co-ordinately, upon renewal, the cross motion to vacate defendant's default under the order of preclusion should have been granted. The litigation and other difficulties surrounding the withdrawal of the former defense counsel constitute a valid excuse for the failure to serve a bill of particulars. As was discussed above, the merits of this case should be tested at a plenary trial. The defendant is directed to serve its bill within 20 days after service of a copy of the order to be entered hereon with notice of entry. Concur—Murphy, P. J., Kupferman and Capozzoli, JJ.; Silverman, J., concurs in the following memorandum: In view of the relationship among the various corporations, another issue of fact which may be explored on the plenary trial would appear to be whether the guarantee given by Bag-Time was "not in furtherance of its corporate purposes." (Business Corporation Law, § 908.)