■ MILTON NORDLICHT, Respondent, v NORTON SIMON, INC., et al., Appellants. (And Two Third-Party Actions.)—Judgment, Supreme Court, New York County, entered August 29, 1978, which, *inter alia,* granted plaintiff's motion for summary judgment, unanimously reversed and vacated, on the law, with one bill of costs and disbursements, and the motion denied with leave to renew after completion of pretrial proceeding. Order, Supreme Court, New York County, entered June 6, 1978, which granted reargument, and upon reargument adhered to the original decision, unanimously modified, to the extent of reversing that part of the order which adhered to the original decision, and except, as thus modified, affirmed. Appeal from order Supreme Court, New York County, entered August 25, 1978, unanimously dismissed, without costs or disbursements. Motion to stay appeal denied. On plaintiff's motion for summary judgment, the issue was whether plaintiff had knowledge of the defects in the purported authority of the transferor, Bernheim, to pledge a stock certificate. Defendants contend that plaintiff was not a bona fide purchaser (Uniform Commercial Code, § 8-302) and cite certain facts, e.g., that the certificate was reported lost by the registered owner and a replacement certificate issued some two years before, and that Bernheim had the owner execute an hypothecation certificate and stock power in blank on false representations as to their use. The certificate was collateral for a $200,000 personal loan to plaintiff. Plaintiff denied any knowledge of Bernheim's lack of authority to pledge the certificate. Bernheim died before commencement of this action. Where the facts necessary to oppose a motion for summary judgment are peculiarly within the knowledge of the moving party, the motion should not be granted without at least affording the opposing party an opportunity to conduct an examination before trial. (See *Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194.) Defendants have not, as contended, waived their rights in this connection. In the light of this disposition, defendants' motion to stay the appeal on the grounds of newly discovered evidence is denied. Concur—Sandler, J. P., Sullivan, Lupiano, Silverman and Ross, JJ.