■ ANTONIO L. PEREIRA, Respondent, v A. D. HERMAN CONSTRUCTION Co., INC., Appellant, et al., Defendant. A. D. HERMAN CONSTRUCTION Co., INC., Third-Party Plaintiff-Appellant, v MASCEDOS CONCRETE CORPORATION, Third-Party Defendant-Respondent.—Order, Supreme Court, New York County, entered on September 13, 1978, modified, on the law and on the facts, and the matter remanded for a new trial on the issue of damages only, and otherwise affirmed, without costs and without disbursements; and the judgment entered thereon on December 26, 1978 reversed, and vacated,

without costs and without disbursements. Fein, J., concurs in part and dissents in part in a memorandum, and would affirm *in toto;* Sullivan and Markewich, JJ., concur in a memorandum by Sullivan, J., as to affirmance as to liability and would modify and remand for a new trial on the issue of damages only; Birns, J. P., and Lynch, J., concur in part and dissent in part in a memorandum by Lynch, J., and would remand for a new trial on the issue of damages (in which Sullivan and Markewich, JJ., partially concur for remand on the issue of damages) and would reverse outright, deny plaintiff's motion for summary judgment, reinstate the third-party action and remand for a new trial on the issue of liability as well as damages, with costs to abide the event.

Fein, J. (concurring in part, dissenting in part). The dissenters would reverse summary judgment because there were no witnesses to plaintiff's fall from the scaffolding. I respectfully disagree. Summary judgment should not be denied to a plaintiff merely because he is the sole witness to the accident. Moreover, the record here is not so limited. In his affidavit in support of his motion for summary judgment plaintiff swore: "I was injured on September 12, 1975, while working as a carpenter in the employ of Mascedos Concrete Corporation at a building site at Stony Brook University under the direction of the general contractor, A.D. Herman Construction Co. I was standing on a scaffold preparing forms for a concrete wall, approximately 12 to 13 feet high, when a 2 × 4 timber cross brace, supporting the plank on which I was standing, broke in two and I fell to the ground some 10 to 12 feet below." In his affirmation in opposition to the motion one of the attorneys for the defendant affirmed: "As Counsel for plaintiff states in his affirmation, plaintiff was injured when the scaffolding he was standing on collapsed. The depositions of the parties, conducted on July 24, 1978 and July 31, 1978, show that the plaintiff was an experienced worker, employed by third party defendant, who, with the aid of other experienced workers, constructed the scaffold in question. However, at this point, structural and other physical analysis and testing of the scaffold in question has not been conducted, and therefore the essential issue as to why the scaffold collapsed has not been ascertained. The mere fact that the plaintiff was injured does not inescapably lead to the conclusion that this defendant, as general contractor, was responsible for inadequate, unstable, or ill-equipped scaffold." The dissent suggests that the statement by defendant's attorney in this affirmation, conceding "plaintiff was injured when the scaffolding he was standing on collapsed", should merely be interpreted as a summation of plaintiff's allegations of negligence. I do not so read it. However, if it be assumed that this is merely a summation of plaintiff's allegations, rather than an admission as to how the accident happened, there is nothing left of the attorney's affidavit in oppsition to the motion. There remains only some legal argument directed to questions of notice and contributory negligence, both of which are clearly irrelevant. Nothing was submitted by defendant by way of evidence as to how and why the accident occurred. No factual allegations are made or suggested contradicting or denying plaintiff's version. There is not one shred of evidence in the opposition papers even suggesting that plaintiff did not fall because of a broken scaffold. In the absence of even a hint of such evidence, plaintiff is plainly entitled to summary judgment. Moreover, there is further evidence that the accident occurred because the scaffolding broke. In the reply affirmation of the attorney for the plaintiff there is quoted from the examination before trial of the third-party defendant, plaintiff's employer, the following: "Q: Did you find fault with the scaffold? Do you understand what I mean? Did you find

you did anything wrong with the building of this scaffold? * * * A: No." "Q: Did you find anything wrong with the size of the lumber that he used? A: No." "Q: Where it was broken, was there a knot? A: I don't remember. Q: Was it split before it broke? * * * Q: Could you describe the ends, the two by fours that were broken? How were they split? How were they split? How were they broken? Was it broken clean through, split length-wise? A: It was broken clean through. Q: There was no splitting, it just broke in one section? A: It was broken in one section." "Q: Do you know what I am talking about? Where it was broken, what did you see? Can you describe what you saw? A: The two by fours broken, broken in the middle of the span. Q: Is there anything about that break that told you, as a carpenter, what caused to break? A: The fault of the two by four." The obligation of a party opposing a motion for summary judgment to assemble and lay bare affirmative proof to demonstrate the existence of a genuine triable issue of fact is well settled. *(Shaw v Time-Life Records,* 38 NY2d 201; *Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27; *Di Sabato v Soffes,* 9 AD2d 297.) No such evidence or proof or even an intimation that such proof may exist has been submitted by defendant. Hence the cases relied upon by the majority questioning the application of summary judgment do not support the view that under these circumstances summary judgment should be denied. *Nordlicht v Norton Simon, Inc.* (70 AD2d 511) reversed a summary judgment where the issue was whether plaintiff was a bona fide purchaser, and there was evidence that he had knowledge of the execution of a hypothecation certificate and stock power in blank on false representations as to their use. The issue found triable was that of actual knowledge. In *Royal Business Funds Corp. v Commercial Trading Co.* (59 AD2d 864) the triable issue found was whether plaintiff's officers had been aware of the existence of a guarantee in light of circumstances establishing such knowledge. In the face of plaintiff's argument that the guarantee was unauthorized, there was a question whether plaintiff had acquiesced in or ratified the guarantee. Plainly these cases, concerned with subjective questions of knowledge, have no bearing on the issues before us. Closer is *Wood v Picon* (57 AD2d 863), where plaintiff was a passenger in an automobile owned by defendant and driven by defendant's son who was killed in a one-car accident when the car left the highway and struck objects at the side of the road. In light of the death of the driver it was held that summary judgment should have been denied. There were issues of negligence and contributory negligence requiring a trial. Here, there is no such problem. There is no issue of negligence or contributory negligence in this action brought pursuant to section 240 of the Labor Law. And there is no factual dispute as to how the accident happened. Plaintiff and his employer are both alive and their sworn testimony is before the court. Thus it is plain and undisputed that plaintiff fell and sustained the injuries and damages for which he sues because a portion of the scaffold on which he was standing while working broke in two, causing him to fall to the ground. Section 240 of the Labor Law imposes a nondelegable duty on the general contractor which imports absolute liability. In pertinent part, section 240 of the Labor Law provides: "1. All contractors and owners and their agents, in the erection * * * repairing, altering * * * of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." "3. All scaffolding shall be so constructed as to bear four times the maximum weight required to be dependent therefrom or placed thereon when in use." In light of the history

of the statute and its antecedents, it is too late now to argue, as does the defendant, that plaintiff's participation in the erection of the scaffold entitles the defendant to rely either on contributory negligence or comparative negligence. In enacting section 240 of the Labor Law "the legislature imposed * * * a flat and unvarying duty", a nondelegable duty for breach of which absolute liability flows *(Koenig v Patrick Constr. Corp.,* 298 NY 313, 318). In that case the plaintiff had placed a ladder against a wall. While he was working atop the ladder it slipped and hurled him to the floor. The court held that any negligence on his part was not a defense. To the same effect is *Haimes v New York Tel. Co.* (46 NY2d 132), where the plaintiff's decedent was a self-employed independent contractor to whom the owner was held absolutely liable, albeit the ladder was supplied by the decedent. The cases applying this and similar statutes *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290; *Matter of Rocha v State of New York,* 45 AD2d 633, mot for lv to app den 36 NY2d 642; *Monroe v City of New York,* 67 AD2d 89, 105) establish beyond dispute the principle that section 240 of the Labor Law and its subdivisions impose a nondelegable duty and absolute liability upon the general contractor with respect to the provision of scaffolding. They further establish that any negligence on the part of the plaintiff is neither a bar nor a partial defense. On this record, as Special Term ruled, the defendant is plainly liable. There is no merit to defendant's contention that it is somehow insulated from liability because plaintiff participated in the erection of the scaffold and defendant allegedly had no opportunity to inspect the scaffold prior to the accident. Neither of these facts provides a defense, even if true. The statute imposes liability "regardless of negligence" *(Koenig v Patrick Constr. Corp., supra,* p 317.) Thus in *Long v Murnane Assoc.* (68 AD2d 166), summary judgment was granted in a wrongful death action where the decedent fell from the scaffold on which he was working and which he alone or he and a coemployee had constructed. It was undisputed that it had been constructed in a negligent manner. Defendant's contention that it was entitled to a trial as to the happening of the accident and in order to establish assumption of risk and contributory negligence was rejected. As that case holds, it is now well settled that assumption of risk and contributory negligence are not defenses to the absolute liability flowing from noncompliance with the statutory duty imposed by section 240 of the Labor Law. The majority reverses the damage verdict because, on the assessment, the trial court received in evidence over objection and submitted to the jury testimony by an economics expert that if plaintiff retired at age 65 and lived to 75 he would be eligible for Social Security benefits of $257,855, based on projected earnings. The majority concludes that such testimony was inadmissible in the absence of proof that plaintiff contributed to Social Security or was eligible for it. I respectfully disagree. The Trial Justice properly took judicial notice of the requirements of the Social Security Law. Plaintiff had testified that he had worked continuously from the time he arrived in this country in 1968 up to the date of the accident in September, 1975. Until the accident which incapacitated him from such employment he was a journeyman outside construction carpenter, constructing wooden forms into which cement is poured for the making of concrete walls. That such employment is subject to Social Security and that the employer is required to make the appropriate deductions and payments pursuant to the Social Security Law are plainly matters of judicial notice sufficient for the admissibility of the expert's testimony. The fact that plaintiff had apparently filed no income tax returns and had no written records of his earnings for four years prior to the accident did not make the

expert's testimony inadmissible. That plaintiff and his employer were subject to the Social Security Law was a matter of judicial notice. The facts that plaintiff failed to produce records of Social Security deductions and that he made trips to Portugal were matters for the jury to consider. They did not require exclusion of the expert's testimony. The expert's testimony was merely a projection of Social Security benefits if plaintiff survived beyond age 65. Nor was the jury's verdict excessive, as the majority implies. Plaintiff was, at the time of the accident, a 38-year-old outside journeyman construction carpenter. He had a 27-year work life expectancy. As a consequence of the injuries sustained in the accident he was required to undergo a series of operations on his left foot. The final operation, a fusion operation of the bones of the left foot, left him with a shortened left leg, atrophy of the left leg, limitation of motion of the left ankle and foot, and periodic pain. Plaintiff's medical experts testified as to the permanency of his injury and its interference with his capacity to pursue his vocation or similar work. Defendant did not call as a witness the doctor who examined plaintiff on its behalf. There was ample evidence of pain and suffering. The Trial Justice properly declined to charge the jury under CPLR 1411, the comparative negligence statute. It would be anomalous to hold that a statute (CPLR 1411) designed to abolish the contributory negligence defense, where applicable can be read as creating a partial defense on the issue of damages under section 240 of the Labor Law. That statute imposes a nondelegable duty and absolute liability, as to which contributory negligence and assumption of risk have never been defenses. "If the employer could avoid this duty by pointing to the concurrent negligence of the injured worker in using the equipment, the beneficial purpose of the statute might well be frustrated and nullified." *(Koenig v Patrick Constr. Corp., supra,* p 319.) The trial court properly denied defendant's motion to set aside the $325,000 jury verdict on the ground of excessiveness. The order and judgment appealed from should be affirmed, without costs.

Sullivan and Markewich, JJ., concurring in a memorandum by Sullivan, J. We agree with that part of Justice Fein's memorandum which finds that no issue of fact exists as to defendant's responsibility for plaintiff's construction site accident, and that summary judgment was properly granted. It is undisputed that the scaffold broke on the day of the accident. As Justice Fein points out, the statement by defendant's attorney in the opposing affirmation that plaintiff was injured when the scaffolding upon which he was standing collapsed should be viewed as more than a mere recitation of plaintiff's allegations. It is a concession as to plaintiff's theory of how the accident occurred. Having conceded the manner in which the accident occurred, defendant proceeded to oppose summary judgment by advancing three arguments. Defendant claimed that plaintiff was not working under its direction, that the scaffold was not under its control, and that the scaffold was constructed defectively by plaintiff himself. None of these arguments can absolve the defendant of its strict obligation under section 240 of the Labor Law to provide proper scaffolding. We find ourselves in agreement with Justices Lynch and Birns, however, that the verdict on damages is flawed. Although a court may take judicial notice that an employer is required to take certain deductions and make appropriate payments pursuant to the Social Security Law, no proof was adduced here that plaintiff was eligible for Social Security benefits. The effect of Trial Term's ruling was to take judicial notice that there had been compliance with the law's requirements and that plaintiff was eligible for Social Security benefits by virtue of his contributions, facts hardly supported by

the record. He had worked at this site for six to seven weeks, yet produced no pay slips for the period in question, or tax returns for the several years he had worked in this country. Without such information we have no way of knowing whether he was entitled to Social Security. As a result, the expert's testimony projecting plaintiff's Social Security benefits between the age of 65 and his full life expectancy had no evidentiary basis, and, thus, the jury should not have been permitted to hear it. A proper objection to this testimony was voiced, thereby preserving the issue. The general award was for $325,000. As no specific findings were made by the jury it is impossible to ascertain how much of the award consisted of the projected Social Security benefits of $257,855. Thus, a new assessment should be held.

Birns, J. P., and Lynch, J., concurring in part and dissenting in part in a memorandum by Lynch, J.: We dissent in part and would reverse the grant of summary judgment to the plaintiff on the issue of liability and the judgment after a jury verdict on the issue of damages and would remand for a new trial on the issues of liability and damages. In this action arising from section 240 of the Labor Law, the only evidence of the happening of the accident presented on the motion for summary judgment was the affidavit of the plaintiff who, without elaboration, stated that "a 2 × 4 timber cross brace, supporting the plank on which I was standing, broke in two and I fell to the ground". It appears that there were no other eyewitnesses. We disagree with the majority's assertion that "Summary judgment should not be denied to a plaintiff merely because he is the sole witness to the accident". Where knowledge of the facts lies exclusively with the plaintiff, summary judgment should be denied and the issues posed by the pleadings resolved at a plenary trial (*Royal Business Funds Corp. v Commercial Trading Co.*, 59 AD2d 864; cf. *Nordlicht v Norton Simon, Inc.*, 70 AD2d 511). In *Wood v Picon* (57 AD2d 863, 864) summary judgment was denied in a negligence action to a plaintiff with exclusive knowledge, even though the court had before it an examination before trial of the plaintiff taken by the defendant. The court held: "Plaintiff is the sole surviving eyewitness to the accident. With all due respect to his presumed honesty, he could have said anything at the EBT that he chose to say. It is important to note that an EBT is, as its name suggests, an examination before trial (CPLR 3113), and not a cross-examination (see Dolan, Examination Before Trial and Other Disclosure Devices [rev ed], § 45). Special Term had before it only the cold record. The Justice presiding did not see the plaintiff, who to him was merely a voice offstage. Unlike a trial in open court, where the testimony of a witness can be more properly evaluated, the court had only a transcript with which to weigh the testimony of the plaintiff, who has the sole and exclusive knowledge of the facts of the accident (see *Rowden v National Car Rental*, 36 AD2d 762). A plenary trial will enable the counsel for the defendant: to conduct a searching inquiry of the plaintiff before an impartial jury on the elements of negligence and contributory negligence (see *Gravenhorst v Zimmerman*, 236 NY 22, 38)." If summary judgment is denied in such an instance, how much more compelling to deny it here where liability is sought to be imposed in this serious matter on the basis of two sentences in a plaintiff's affidavit. The majority points out that an affidavit of one of the defendant's attorneys reads: "As counsel for plaintiff states in his affirmation, plaintiff was injured when the scaffolding he was standing on collapsed". The majority views this as a concession by defendant that the plaintiff was injured when the scaffolding collapsed. We do not hold that this must be interpreted as the defendant's attorney's summation of the plaintiff's allegations. We hold that the sentence in the attorney's

affidavit can as readily be construed as an assumption by him of the plaintiff's allegations for the purpose of the argument as it can be construed to be a concession. We hold that such an ambiguous statement should give no support to a motion for summary judgment. The verdict on damages should not be permitted to stand. Over objection, an economic expert called by the plaintiff testified that if the plaintiff retired at 65 and lived to 75, he would receive $257,855 in Social Security benefits. There is no proof that plaintiff had ever contributed to Social Security or was eligible for it. We cannot indulge in a presumption of qualification in view of the testimony that since coming to this country in 1968 plaintiff has returned periodically to Portugal but is vague about the frequency and duration of those sojourns and because he cannot confirm any of his claimed earnings since he has never filed an income tax return.