■ SAM PANISH, Respondent, v MATTHEW A. SIEGEL, Appellant.—In an action to recover damages for libel, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated March 29, 1985, as denied that branch of his motion which was to dismiss the complaint under CPLR 3211 (a) (7) and denied that branch of his motion which requested that the motion to dismiss be converted into a motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The respective parties in this action are opposing counsel in a hotly contested and litigated matrimonial action which had been pending in the Supreme Court, Wstchester County. The complaint is based upon a letter dated November 6, 1984 from the defendant to the plaintiff, which allegedly contains false and defamatory statements that injured the plaintiff's good name, professional standing and reputation.

The defendant contends that Special Term erred in denying his motion to dismiss the complaint as a matter of law because the challenged letter pertained and related to the pending judicial proceeding and is thus privileged. However, a reading of the offending letter clearly indicates that it contains numerous remarks by the defendant which could be interpreted as exceeding the bounds of reason and not material and pertinent to the issues involved. Having thus abused his privilege, its "protection is withdrawn" *(Youmans v Smith,* 153 NY 214, 220).

We find no merit to the other contentions raised by the defendant. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.