■ JACKLYN FUSCO, Respondent, v CHARLES A. D'AGOSTINO, JR., et al., Appellants, et al., Defendants.—

The plaintiff Jacklyn Fusco and the defendant Alexander Fusco were involved in divorce proceedings. Alexander retained the defendant A. Charles D'Agostino (hereinafter Charles Sr.) and allegedly the partnership of D'Agostino & D'Agostino, including the defendant Charles A. D'Agostino, Jr. (hereinafter Charles Jr.), to represent him in the divorce action. The Fuscos owned a home in Westchester and a condominium in Montauk. While the divorce action was pending, Alexander resided in Westchester and Jacklyn resided in Montauk. On August 27, 1987 Jacklyn discovered various items missing from the Montauk condominium and reported a burglary to the police. As part of their investigation, the police made inquiries of Alexander. In an attempt to avoid having his client arrested, Charles Sr. telephoned the police and told them that there had been no burglary, and that Alexander was the sole owner of the Montauk premises and had simply removed his personal property from the residence.

Charles Sr. then sent to the police a confirmatory letter dated August 31, 1987, which, *inter alia,* made certain allegations accusing Jacklyn of infidelity, promiscuity and use of illegal drugs. We find that this letter, insofar as it set forth facts preventing the arrest of Alexander for burglary, was qualifiedly privileged. However, it exceeded the bounds of reason and contained unfavorable remarks which were not material and pertinent to the issues involved. The privilege having thus been abused, its protection is withdrawn *(see, Panish v Siegel,* 123 AD2d 674; *Youmans v Smith,* 153 NY 214).

Inasmuch as discovery has not yet been completed, and Charles Sr. and Charles Jr. have sole knowledge of all the "salient facts" needed to determine whether a partnership is in existence, we hold that the motion was properly denied as to both Charles Jr. and Charles Sr. *(Santorio v Diaz,* 86 AD2d 926; *see, Wood v Picon,* 57 AD2d 863). Mollen, P. J., Eiber, Sullivan and Rosenblatt, JJ., concur.