JOSEPH W. COUTU, Respondent, v OTIS ELEVATOR COMPANY, Defendant and Third-Party Plaintiff-Respondent. ST. REGIS PAPER COMPANY, Third-Party Defendant-Appellant.

Third Department, June 16, 1977

*DeGraff, Foy, Conway & Holt-Harris (David F. Kunz* of counsel), for defendant and third-party plaintiff-respondent.

*Dugan, Lyons, Pentak, Brown & Tobin (Martin Condon* of counsel), for third-party defendant-appellant.

*Donohue, Bohl, Clayton & Komar, P. C. (Myron Komar* of counsel), for respondent.

LARKIN, J. This is an action for damages for personal injuries alleged to have been sustained by the plaintiff through the negligence and breach of warranty of the defendant. The injuries were allegedly sustained by plaintiff on May 11, 1962, when his head was caught between two elevator hoistway doors. He was then employed by the third-party defendant. The defendant had manufactured the elevator, installed it in 1942 and at the time of the accident, was a party to an agreement whereby it agreed to service and maintain the elevator for the third-party defendant. The third-party complaint alleges negligence and breach of war-

ranty, both causes of action primarily arising from the third-party defendant's alleged control and operation of the elevator.

The third-party defendant requests that this court examine the plaintiff's second cause of action, based upon breach of warranty, and sever and dismiss those allegations relating to the defendant's alleged breach of warranty in inspection, service, repair and maintenance of the elevator. An examination of this cause of action in its entirety, however, reveals that those portions as to which the third-party defendant complains are inextricably intertwined with those allegations of breach of warranty in the manufacture and installation of the elevator, which are apparently conceded to state a proper cause of action. Applying the rule of liberal construction of pleadings (CPLR 3026), which we are required to do in examining the complaint upon a motion to dismiss under CPLR 3211 (subd [a], par 7) *(Munoz v City of New York,* 18 NY2d 6; *Kober v Kober,* 16 NY2d 191), we conclude that Special Term properly denied that portion of third-party defendant's application which sought to dismiss the second cause of action of the complaint.

With respect to the third-party defendant's application to dismiss the second cause of action of the third-party complaint, however, we reach a different result. The key allegation of this cause of action is paragraph "10" in which it is alleged: "Upon information and belief the third-party defendant warranted to the third-party plaintiff and to the plaintiff that it was directing the use of the said elevator for the purposes for which it was intended and in the manner in which it was intended to be used". We find no authority for imposing liability for breach of warranty, or for strict products liability, upon a party for "directing the use of", using or operating a product which it has neither manufactured nor sold. If the third-party defendant did, in fact, use the elevator improperly, this would be negligence, as alleged in the first cause of action of the third-party complaint, not breach of warranty. The argument of the defendant and third-party plaintiff to the contrary, even if plaintiff were to recover in the main action solely on a breach of warranty or strict products liability theory, we see no reason why it would be precluded from seeking an apportionment against the third-party defendant on its remaining cause of action for negligence. Special Term erred in failing to dismiss the second cause of action of the third-party complaint.

The order should be modified, on the law, by granting the motion insofar as it seeks to dismiss the second cause of action of the third-party complaint, and, as so modified, affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, KANE and HERLIHY, JJ., concur.

Order modified, on the law, by granting the motion insofar as it seeks to dismiss the second cause of action of the third-party complaint, and, as so modified, affirmed, without costs.