■ KATHLEEN SCHLEICH, as Administratrix of the Estate of EDWARD SCHLEICH, Deceased, Respondent, v MARTIN A. GRUBER et al., Defendants, and LONG BEACH MEMORIAL HOSPITAL, Appellant.—In a negligence action to recover damages for personal injuries, the defendant Long Beach Memorial Hospital appeals from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated April 30, 1986, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it, with leave to renew the application upon conclusion of discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 5, 1984, the decedent, 23-year-old Edward Schleich, was examined at the emergency room of Long Beach Memorial Hospital as a result of a complaint of pain in his left foot. The decedent had had a history of repeated episodes of trauma in that area. X rays of the foot were taken which revealed a small cyst along the proximal aspect of the first metatarsal. No treatment was provided to the decedent. The attending physician recommended that the decedent see his own doctor as well as an orthopedist.

It was subsequently discovered that the decedent had a malignancy in the left foot, which thereupon resulted in an amputation of his leg below the knee. The decedent died in March 1985 as a result of the malignancy.

By notice of motion dated January 27, 1986, the decedent's administratrix moved to amend the complaint and to add causes of action to recover damages for wrongful death and conscious pain and suffering. In support of the motion, the plaintiff submitted, *inter alia,* an affidavit from a doctor supporting the allegations of the complaint that the hospital had negligently cared for the decedent. The hospital cross-moved for summary judgment, based upon a physician's affidavit absolving it of any such liability.

The hospital argues that it met its burden of making a prima facie showing of entitlement to judgment as a matter of law, stressing the fact that the plaintiff failed to come forward with probative evidence in response to its cross motion. A motion for summary judgment, irrespective of who initiates it, empowers the court to search the record and to award a judgment where appropriate. Here, in deciding the cross motion, the affidavit of a doctor, included in the motion to amend the complaint, as well as any other papers, could be considered by the court in reaching its decision *(Fertico Belgium v Phosphate Chems. Export Assn.,* 100 AD2d 165).

The cross motion for summary judgment was properly denied with leave to renew after the completion of discovery, because here there was sufficient reason to believe that there were pertinent facts essential to the plaintiff's case, which are exclusively within the knowledge and control of the hospital, and which may be revealed through pretrial discovery (see, Blue Bird Coach Lines v 107 Del. Ave., 125 AD2d 971). Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.