■ Thomas B. Smith, Respondent, v City of New York et al., Respondents, and Shell Oil Company, Appellant.—In an action to recover damages for personal injuries, the defendant Shell Oil Company appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated May 5, 1986, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it as premature.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the motion which were to dismiss the second, third and fourth causes of action insofar as asserted against the appellant, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Thomas B. Smith, a former probationary New York City police officer, was injured when a tire on his police car exploded as he was filling it with air from a portable tire

inflation device that was located at a gas station operated by defendant Garson Automotive Center, Inc., doing business as Shell Oil (hereinafter Garson). Garson occupied the gas station, which was located at 185-27 North Conduit Avenue, Springfield Gardens, New York, as a tenant, pursuant to certain lease and franchise agreements with the station's owner, the defendant Shell Oil Company (hereinafter Shell). Under the terms of the lease Shell, as owner lessor, could enter the premises "at any time for the purposes of inspecting the same (including the pump meters), gauging and testing tanks; performing maintenance and making alterations".

The plaintiff sued Garson and Shell and also the defendants City of New York and Greenwald Industries, Inc. (hereinafter Greenwald). The complaint alleges that the city was negligent in failing to maintain the tire that exploded and that Garson, Greenwald and Shell were negligent in controlling operating, maintaining, manufacturing and designing the portable tire inflation device that allegedly caused the tire to explode. The plaintiff also asserted claims sounding in strict products liability and breach of warranty against all defendants.

Thereafter, Shell moved for summary judgment dismissing all causes of action asserted by the plaintiff insofar as they are asserted against it. The Supreme Court, Queens County, denied the motion as premature, granting Shell leave to renew upon the completion of all pretrial discovery should it deem it necessary. This appeal ensued.

In support of its motion, Shell submitted an affidavit by an employee with personal knowledge that it did not manufacture, sell or distribute the tire inflation device. As Shell correctly notes, liability may not be imposed for breach of warranty or strict products liability upon a party that is outside the manufacturing, selling or distributive chain (see, Coutu v Otis Elevator Co., 58 AD2d 131; Beasock v Dioguardi Enters., 130 Misc 2d 25). Thus, Shell's motion should have been granted with respect to the strict products liability and breach of warranty causes of action (i.e., the second, third and fourth causes of action).

With respect to the negligence cause of action, however, the motion was correctly denied as premature. The plaintiff has not had the opportunity to complete its examination before trial of all the defendants, including Shell. It is apparent from the record that facts essential to justify opposition to the motion may exist but cannot be stated at this time as they are within the exclusive knowledge of Shell (see, CPLR 3212 [f]). Thus, the plaintiff should be afforded the opportunity to

complete pretrial discovery with respect to all defendants *(see, Mack v Gregory Mem. Hosp.,* 90 AD2d 969; *Nordlicht v Norton Simon, Inc.,* 70 AD2d 511)* before a determination is made as to whether Shell is entitled to judgment as a matter of law on the first cause of action. Mollen, P. J., Eiber, Kunzeman and Spatt, JJ., concur.