■ JOSEPH WATFORD et al., Appellants, v JACK LALANNE LONG ISLAND, INC., Respondent, et al., Defendants. (And a Third-Party Action.)—In a personal injury action to recover damages for negligence, strict products liability and breach of warranty the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated January 19, 1988, as granted the cross motion of the defendant Jack LaLanne Long Island, Inc. for summary judgment dismissing the plaintiffs' claims against it based on strict products liability and breach of warranty. The

appeal brings up for review so much of an order of the same court, entered September 23, 1988, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order dated January 19, 1988 is dismissed, as that order was superseded by the order dated September 23, 1988, made upon reargument; and it is further,

Ordered that the order entered September 23, 1988 is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The instant action arises from an accident which occurred on February 2, 1984, when the plaintiff Joseph Watford was exercising on a rowing machine at a facility of the defendant Jack LaLanne Long Island, Inc. (hereinafter Jack LaLanne) in Cedarhurst, Nassau County. An important part of the structure of the machine known as a Universal Centurion II multistation DVR conditioning machine was a hook, called an "S" hook, connected to a chain and handlebar which are themselves attached to a pulley cable and weights. The plaintiff Joseph Watford alleged that as he held the bar and leaned backwards, pulling on the bar to lift the weights, the "S" hook broke causing him to fall backwards, striking his head and suffering injury. The plaintiff was a member of Jack LaLanne's Fitness Center, and was permitted to use that defendant's facilities. Although the contract referred to the parties as "buyer" and "seller", it did not provide for the sale to the buyer of any part of the equipment.

On or about May 4, 1984, the plaintiffs commenced this action against Jack LaLanne and Olympia Sports Products, Inc., doing business as Universal Fitness Products (hereinafter Olympia) to recover damages based on three theories of liability: (1) negligence, (2) breach of warranty and (3) strict products liability. By an amended complaint dated January 21, 1986, the plaintiffs broadened their lawsuit to include the defendant Universal Gym Equipment (hereinafter Universal) based on the same three causes of action. There was evidence adduced at examination before trial that Olympia was the sole distributor of Universal in 10 northeastern States and that the machine had been manufactured by a licensee of Universal. Also, Olympia installed the machines at whatever location was requested by Jack LaLanne, including its Cedarhurst facility.

Among the number of motions for summary judgment made by the defendants, this appeal concerns the cross motion by

Jack LaLanne for summary judgment dismissing the breach of warranty and strict products liability causes of action asserted against it. As part of their opposition to Jack LaLanne's cross motion, the plaintiffs submitted an insurance policy of Jack LaLanne showing that Universal was an additional insured. By order dated January 19, 1988, the Supreme Court, *inter alia,* granted Jack LaLanne's cross motion. Upon reargument, the court adhered to its original determination. We agree.

We have recently held that "liability may not be imposed for breach of warranty or strict products liability upon a party that is outside the manufacturing, selling or distributive chain" *(Smith v City of New York,* 133 AD2d 818, 819; *see also, Coutu v Otis Elevator Co.,* 58 AD2d 131; *Beasock v Dioguardi Enters.,* 130 Misc 2d 25, 29). In this case, the deposition testimony established that Jack LaLanne was not the manufacturer, seller or distributor of the equipment. Further, the plaintiffs failed to raise any triable issues of fact in this regard so as to defeat summary judgment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557, 562). In particular, the plaintiffs failed to submit any evidence as to any involvement by Jack LaLanne in the manufacturing, selling or distributive chain of the exercise equipment. Moreover, the submission of the insurance policy showing Universal as an additional insured of Jack LaLanne does not suffice to raise such a material issue of fact.

Finally, the fact that Jack LaLanne's supporting proof was placed before the court by way of an attorney's affirmation annexing deposition testimony rather than affidavits based on personal knowledge does not defeat Jack LaLanne's right to summary judgment *(see, Olan v Farrell Lines,* 64 NY2d 1092; *Gaeta v New York News,* 62 NY2d 340, 350). Thompson, J. P., Rubin, Spatt and Sullivan, JJ., concur.