■ EDUARDO BERMEO, Individually and as Administrator of the Estate of ROSARIO BERMEO, Deceased, Respondent, v PROSPECT HOSPITAL et al., Respondents, and JOSEPH B. SHAPSE, Appellant.—Order of the Supreme Court, Bronx County (Bertram Katz, J.), entered July 18, 1989, which denied the motion by defendant Joseph B. Shapse, M.D. for summary judgment, unanimously affirmed, with costs.

Rosario Bermeo, aged 30, died following an abortion performed by Dr. Joseph B. Shapse, a gynecologist, at Prospect Hospital on June 14, 1983. There is no autopsy report or death certificate in the record, nor is there any indication what anesthetic was administered and whether, in the absence of negligence, death might have resulted from its administration. Dr. Shapse states in his affidavit in support of his motion for summary judgment that the cause of Mrs. Bermeo's death "was never determined beyond respiratory and cardiac arrest." He further states that the operation proceeded without incident, and he claims no responsibility for the actions of the certified registered nurse anesthetist, who administered the anesthetic and who was monitoring Mrs. Bermeo's recovery from the anesthetic when her vital signs began to fail.

In opposition to the motion, plaintiff submitted an affidavit from a physician, alleging a failure by Dr. Shapse to provide proper supervisory control over the nurse anesthetist and a failure to properly monitor and evaluate Mrs. Bermeo's condition during and immediately after the operation. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" *(Winegrad v New York Univ. Med.*

*Center,* 64 NY2d 851, 853). Under the circumstances presented, plaintiff was not required, particularly in opposition to a summary judgment motion, to eliminate all possibility that the nurse's actions were a substantial contributing cause of Mrs. Bermeo's death; there is evidence from which a reasonable jury might conclude that the injury was caused by Dr. Shapse's conduct *(see, Mertsaris v 73rd Corp.,* 105 AD2d 67, 83). Dr. Shapse's version of what took place in the operating room and his view of the limits of his responsibility for the actions of the nurse anesthetist should be subjected to cross-examination at trial *(Santorio v Diaz,* 86 AD2d 926). Accordingly, summary judgment was properly denied. Concur—Carro, J. P., Milonas, Asch, Ellerin and Rubin, JJ.