■ MARY C. KANE, an Infant, by Her Parent and Natural Guardian, MAUREEN KANE, et al., Respondents, v A.J. COHEN DISTRIBUTORS OF GENERAL MERCHANDISE, INC., Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), entered September 27, 1989, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff was injured when she was struck in the eye by an object fired from a slingshot. The plaintiffs commenced this action against the defendant sounding in negligence and products liability in connection with the sale of the slingshot. We find that the court erred in denying the defendant's motion for summary judgment, as the plaintiffs failed to establish any basis for the imposition of liability upon it.

The defendant is a wholesale distributor of various goods and owns a number of retail stores which do business under the name "Shane's Circus of Values". Evidence presented in support of the defendant's motion established that the store where the slingshot was allegedly purchased was owned and operated by Staren Enterprises, Inc. (hereinafter Staren) and that Staren had not obtained such slingshots from the defendant. Liability may not be imposed for products liability upon a party that is outside the manufacturing, selling or distributive chain (see, Watford v Jack LaLanne Long Is., 151 AD2d 742; Smith v City of New York, 133 AD2d 818).

Nevertheless, the plaintiffs contend that the terms of a licensing agreement between Staren and the defendant created factual issues as to the defendant's control over Staren's store and as to the defendant's duty of care which precluded dismissal of their products liability and negligence claims. We disagree. The licensing agreement gave Staren the right to use

the "Shane's Circus of Values" name and logo and to participate in the defendant's advertising program. Although the defendant reserved the right to inspect the premises and to direct Staren to remove merchandise which it found detrimental to its reputation, Staren retained ownership and control of the store. Under the circumstances, the licensing agreement provided an insufficient basis upon which to impose liability (see, Balsam v Delma Eng'g Corp., 139 AD2d 292; Price v Cities Serv. Oil Co., 71 AD2d 700).

We find the plaintiffs' remaining contentions to be without merit. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.