■ MARIA A. SERNA, Plaintiff, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION et al., Defendants. (Action No. 1.) MARIA A. SERNA, Respondent, v UDC-TEN EYCK DEVELOPMENT CORPORATION, Appellant. (Action No. 2.)—Mahoney, J. Appeal from an order of the Supreme Court (Harris, J.), entered October 16, 1991 in Albany County, which, *inter alia,* in action No. 2 denied defendant's motion to dismiss plaintiff's fourth cause of action for failure to state a cause of action.

As limited by the briefs, the only issue before us in these two actions, arising out of injuries sustained by plaintiff when she tripped and fell while exiting an elevator that had stopped several inches below floor level in the Ten Eyck Office Building in the City of Albany, is the sufficiency of a claim sound-

ing in strict products liability interposed against defendant UDC-Ten Eyck Development Corporation (hereinafter defendant), the owner of the building. The gravamen of this claim rests upon the theory that the building, with its malfunctioning elevator, was a defective product which defendant, a corporation in the business of leasing commercial properties, placed in the stream of commerce. Following Supreme Court's denial of defendant's CPLR 3211 (a) (7) motion to dismiss this cause of action, this appeal by defendant ensued.

While unclear from a reading of Supreme Court's decision, it appears that it was grounded upon that court's expansion of the holding in *Inman v Binghamton Hous. Auth.* (3 NY2d 137), where the Court of Appeals recognized the availability of strict products liability claims against builders and architects of a defective building to also encompass persons who *own* the building. In our view, such an expansive reading of *Inman* is inadvisable. The courts have consistently limited applicability of strict products liability claims to those who, in some fashion, are within the manufacturing, selling or distribution chain of a particular product *(see, e.g., Kane v Cohen Distribs. of Gen. Mdse.,* 172 AD2d 720; *Watford v Jack La Lanne Long Is.,* 151 AD2d 742; *Smith v City of New York,* 133 AD2d 818, 819; *Coutu v Otis El. Co.,* 58 AD2d 131, *appeal dismissed* 43 NY2d 714). As we have previously recognized, persons such as defendant, who have not manufactured, distributed or sold the product and whose only connection therewith is its purchase and subsequent incorporation into its business for use by members of the general public, do not fall within the above category *(see, Coutu v Otis El. Co., supra; see also, Watford v Jack La Lanne Long Is., supra; Smith v City of New York, supra; but cf., Kaplan v Coulston,* 85 Misc 2d 745).

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant UDC-Ten Eyck Development Corporation, by reversing so much thereof as denied its motion; said motion granted and the fourth cause of action in the complaint in action No. 2 is dismissed; and, as so modified, affirmed.