LORI A. GERDOWSKY et al., Respondents-Appellants, v CRAIN'S NEW YORK BUSINESS, Appellant-Respondent, and AUTOMATIC NEWSTAND, Respondent-Appellant.

First Department, February 11, 1993

## APPEARANCES OF COUNSEL

*Susan M. Karten* of counsel, New York City *(Perry S. Reich* with her on the brief; *Castro & Karten,* attorneys), for Lori A. Gerdowsky and another, respondents-appellants.

*Rhonda C. Epstein* of counsel, New York City *(Mitchell A. Greene* with her on the brief; *Stern, King, Hoey, Toker & Levine,* attorneys), for appellant-respondent.

*Deborah F. Peters* of counsel, Brooklyn *(Debra A. DiCicco,* attorney), for Automatic Newstand, respondent-appellant.

## OPINION OF THE COURT

SULLIVAN, J.

Plaintiff, a pedestrian walking south on the sidewalk on Madison Avenue between 41st and 42nd Streets at about 1:00 P.M. on March 22, 1990, was injured when a bicycle messenger, in the aftermath of an argument with a cab driver who had driven off, shoved a four-foot-high, 80-pound, unchained Crain's New York Business vending machine, which overturned and landed on her foot. Alleging, essentially, negligence in failing properly to secure the machine, plaintiff and her husband, who asserted a derivative claim for loss of services, thereafter commenced this action against Crain's and Automatic Newstand, which, for a monthly retainer of approximately $1,300, repaired and refurbished the machines for Crain's on an "as needed" basis.

After the completion of depositions, Crain's moved and Automatic cross-moved for summary judgment dismissing the complaint. Plaintiffs cross-moved for partial summary judgment on the issue of liability. The IAS Court, finding a factual issue "concerning foreseeability", denied the motion and cross motions. We agree that whether the act of the unidentified bicycle messenger was foreseeable or constituted an intervening and unforeseeable risk presents a factual issue for trial. While, however, it is clear that Crain's, which made use of the sidewalk for its own special benefit, owed a duty to plaintiff and the general public to make sure its vending machine did not become a danger to them (see, D'Ambrosio v City of New York, 55 NY2d 454), plaintiffs have failed to demonstrate a similar duty on the part of Automatic or, in any event, either actual or constructive notice by it of the defect claimed. Thus, we modify the order appealed from to grant summary judgment to Automatic dismissing the complaint.

The question of whether, in any given set of circumstances, a party owes a duty of care to another is particularly one of law for resolution by the court. (Donohue v Copiague Union Free School Dist., 64 AD2d 29, 33, affd 47 NY2d 440.) According to this record, Automatic was a contractor hired by Crain's to install, clean and repair the machines. Under its agreement with Crain's, Automatic had no obligation to make scheduled or regular inspections or, for that matter, any inspection. Only upon notice from Crain's would Automatic repair a particular machine. With the exception of the replacement of a plastic grille, after a request by Crain's in

January 1988, Automatic did not receive any request or instructions from Crain's with respect to repairing this machine. And, while it was Automatic's procedure to chain or weight a machine on installation and in this instance the machine, when installed, was chained, there is no evidence, even after taking both defendants' depositions, that Automatic was ever called upon to secure this machine after installation.

Thus, since Automatic's sole link to the machine in question was its initial placement at Crain's direction and a single unrelated repair, at Crain's request, and its only continuing obligation was to repair the machine, if called upon, it is clear that Automatic in no way controlled the instrumentality causing the accident. Absent such control over the machine, there can be no imposition of liability. *(See, Spearmon v Times Sq. Stores Corp.,* 96 AD2d 552, 553.) In such circumstances, plaintiffs have failed to demonstrate that Automatic had a duty to keep the machine chained to a fixture or that it breached any other duty. "[B]efore a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff." *(Pulka v Edelman,* 40 NY2d 781, 782; *Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 342.)

Plaintiffs' reliance on a certain agreement between the City of New York and various newspapers regarding the placement of newspaper vending machines on City streets is misplaced. Automatic was never a signatory to any such agreement. Even assuming that Crain's is a successor in interest to one of the signatories (New York City Business), there is no hint or suggestion that Automatic knew or should have known of this agreement, which, in any event, does not require that machines be chained; it merely sets forth certain "guidelines and restrictions on * * * installation and maintenance." *(City of New York v American School Publs.,* 69 NY2d 576, 580.)

Finally, and, in any event, we note that even if plaintiffs could satisfy the threshold requirement of showing a duty on Automatic's part, their claim would fail since they have not demonstrated notice, actual or constructive, on Automatic's part, of the missing chain. Nothing in this record indicates that Automatic or, for that matter, anyone else ever observed the chain missing from the vending machine before the accident. Whatever may be reasonably inferred on the issue of notice with respect to Crain's, which had a contractor, Cass Distributors, regularly fill the machines and collect the moneys, it was plaintiffs' obligation, assuming a duty on Automat-

ic's part, to show that the dangerous condition was visible and apparent and that it existed for a sufficient length of time before the incident to permit Automatic or its employees to discover and remedy the condition. *(See, Gordon v American Museum of Natural History,* 67 NY2d 836, 837.)

██ In this regard, it is no answer to argue, as plaintiffs do, that Automatic may not raise this issue for the first time on appeal. Once Automatic, in its cross motion for summary judgment, showed that their action was without merit, plaintiffs, in their response, were required to lay bare their proofs to show the existence of a triable issue of fact. *(Tambaro v City of New York,* 140 AD2d 331, 332.) In that regard, it should be noted, plaintiffs clearly recognized that proof of notice was part of their burden. In their complaint, they alleged that defendants had "actual and/or constructive notice of the defective, dangerous and unsafe condition of the newspaper vending machine."

Nor is this a case where plaintiffs have been precluded from making a legal or factual argument. The record includes the examination before trial of all parties and there is nothing therein to remedy this defect in proof. Where, as here, a party does not allege new facts but, rather, raises a legal argument " 'which appeared upon the face of the record and which could not have been avoided * * * if brought to [his] attention at the proper juncture' ", the matter is reviewable. *(Block v Magee,* 146 AD2d 730, 732, quoting *Matter of Knickerbocker Field Club v Site Selection Bd.,* 41 AD2d 539, 540.)

Accordingly, the order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered March 24, 1992, which, *inter alia,* denied the parties' motion and cross motions for summary judgment, should be modified, on the law, to grant defendant Automatic Newstand's cross motion for summary judgment dismissing the complaint and, except as thus modified, affirmed, without costs or disbursements.

MURPHY, P. J., ROSENBERGER, KASSAL and RUBIN, JJ., concur.

Order of the Supreme Court, New York County, entered March 24, 1992, which, *inter alia,* denied the parties' motion and cross motions for summary judgment, is modified, on the law, to grant defendant Automatic Newstand's cross motion for summary judgment dismissing the complaint and, except as thus modified, affirmed, without costs or disbursements.