■ MILDRED HART et al., Respondents, v INCORPORATED VILLAGE OF VALLEY STREAM, Appellant. [598 NYS2d 994] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant Incorporated Village of Valley Stream appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated June 7, 1991, as denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendant's motion for summary judgment. It cannot be said that the evidence submitted in support of the motion was sufficient to establish that no prior written notice of the alleged defective condition was given to the defendant Village prior to the plaintiff's accident *(see, Mollahan v Village of Port Washington N.,* 153 AD2d 881; *Stratton v City of Beacon,* 91 AD2d 1018). Further, the court properly considered the plaintiffs' claim that additional discovery was needed in order for them to have a full opportunity to litigate the prior notice question *(see,* CPLR 3212 [f]). Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.

■ JOSHUA HAUGHTON et al., Appellants, v F.W.D. CORP. et al., Respondents. (And a Third-Party Action.) [598 NYS2d 994] — In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), entered March 13, 1991, as, upon reargument, adhered to a determination in an order of the same court entered November 7, 1990, to deny the plaintiffs leave to amend their complaint by adding a cause of action sounding in strict products liability, and leave to serve an amended and supplemental bill of particulars and answers to interrogatories.

Ordered that the appeal is dismissed, without costs or disbursements.

We find that contrary to the plaintiffs' contention, their motion was for reargument of a prior motion which was denied by an order of the Supreme Court, Kings County (Greenstein, J.), entered November 7, 1990. The motion to reargue was made after the time to take the appeal from the order entered November 7, 1990, had expired and was therefore untimely, since it is well settled that a motion to reargue cannot be used to extend the time to appeal *(see, Catalogue Serv. v Insurance Co.,* 90 AD2d 838). Sullivan, J. P., Balletta, Lawrence and Joy, JJ., concur.