■ TOM J. PASSARETTI et al., Respondents, v AURORA PUMP Co. et al., Defendants, and FREDERICK SCOTT et al., Appellants. [607 NYS2d 688] —In an action to recover damages for personal injuries, etc., defendants Frederick Scott and Harry Varwig appeal from an order of the Supreme Court, Queens County (Durante, J.), dated November 6, 1991, which granted the plaintiffs' motion to strike their affirmative defense of lack of personal jurisdiction, and denied their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them, with leave to renew upon completion of discovery.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying the appellants' cross motion for summary judgment and substituting therefor provisions granting the cross motion, dismissing the complaint insofar as it is asserted against the appellants, and severing the action against the remaining defendants; as so modified, the order is affirmed, with costs to the appellants.

Contrary to the appellants' contention, the use of their last names alone in the summons and complaint did not, under the circumstances of this case, constitute such gross misidentification as to render service of process invalid *(see generally,* 3 Carmody-Wait 2d, NY Prac §§ 19:11-19:13, at 194).

Nevertheless, the appellants' affidavits in support of their cross motion for summary judgment demonstrated that they had no role in the manufacture, sale, or distribution of the pump which allegedly caused the plaintiff Tom J. Passaretti's injuries. Liability may not be imposed for breach of warranty or strict products liability upon a party that is outside the manufacturing, selling, or distributive chain *(see, Kane v Cohen Distribs.,* 172 AD2d 720; *Watford v Jack LaLanne Long Is.,* 151 AD2d 742; *Smith v City of New York,* 133 AD2d 818).

Since the appellants established by prima facie proof their entitlement to judgment as a matter of law, it was incumbent

upon the plaintiffs to come forward with proof in evidentiary form to show the existence of a genuine triable issue of fact *(see, Fresh Meadow Country Club v Village of Lake Success,* 158 AD2d 581). Because the plaintiffs failed to produce even the slightest evidence that the appellants had anything whatsoever to do with the pump in question, and it is not apparent from the record that facts essential to justify opposition to the motion may exist but are within the exclusive knowledge of the appellants, the cross motion should have been granted *(see, Smith v City of New York,* 133 AD2d 818, *supra; cf., Chang v Fernandez,* 170 AD2d 936; *Bermeo v Prospect Hosp.,* 162 AD2d 235; *Baron v Incorporated Vil. of Freeport,* 143 AD2d 792). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.