■ RICHARD S. LAWLESS, as Guardian ad Litem for JEFFREY LAWLESS, Appellant, v JOHN O'BRIEN et al., Respondents. [636 NYS2d 92] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Leis, J.), dated June 17, 1994, which granted the defendants' motion for partial summary judgment dismissing the plaintiff's claim for damages for enhanced injuries based on the negligent design of the defendants' truck and (2) an order of the same court dated September 21, 1994, which denied the plaintiff's motion for reargument and granted the defendants' cross motion to quash certain subpoenas.

Ordered that the order dated June 17, 1994, is affirmed; and it is further,

Ordered that the appeal from so much of the order dated September 21, 1994, as denied the plaintiff's motion for reargument is dismissed since no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 21, 1994, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Since the plaintiff's motion, which was designated as one for renewal and reargument, was not based upon new facts or evidence that was unavailable at the time of the original motion, it was actually a motion for reargument (see, Desola v Mads, Inc., 213 AD2d 445; Iadarola v Orthopedic Inst., 202 AD2d 393; Wavecrest Apts. Corp. v Jarmain, 183 AD2d 711). Thus, to the extent that the order dated September 21, 1994, denied reargument, it is not appealable (see, Desola v Mads, Inc., supra; Iadarola v Orthopedic Inst., supra).

On July 21, 1984, Jeffrey Lawless was driving his Chevrolet Camaro along Route 347 in Smithtown, New York, at a speed of approximately 60 miles per hour. After entering the intersection of Route 347 and Terry Road, Lawless attempted to pass a slow-moving milk truck, but skidded and crashed into the rear of the truck. The force of the collision drove the Camaro underneath the truck and allegedly caused the steps at the rear of the truck to enter the passenger compartment of the Camaro. As a result of the accident, Jeffrey Lawless sustained severe head injuries that have left him brain damaged.

The plaintiff, as Jeffrey Lawless's guardian ad litem, subsequently commenced this action against, inter alia, Sunnydale Farms, Inc., which owned the milk truck, and its subsidiary Schwenk Dairy, Inc., which was using the truck to deliver

dairy products at the time of the accident. During the course of the litigation, the plaintiff served two supplemental bills of particulars alleging that the defendants had negligently failed to equip the milk truck with rear safety devices and that the liftgate and steps at the rear of the truck were unsafe because they allowed the Camaro to go under the truck and the steps to enter the passenger compartment. The plaintiff contends that, when the steps struck Jeffrey Lawless's head, they enhanced his injuries and that the defendants should be held liable for the enhanced injuries. The Supreme Court granted the defendants' motion for partial summary judgment dismissing the plaintiff's enhanced-injury claim, and we affirm.

In order to obtain damages based upon a claim that the injuries sustained in an accident were due to a defective product, the plaintiff must show that the defendant manufactured, sold, or distributed the product in question *(see, Passaretti v Aurora Pump Co.,* 201 AD2d 475; *Serna v New York State Urban Dev. Corp.,* 185 AD2d 562; *Watford v Jack LaLanne Long Is.,* 151 AD2d 742; *Smith v City of New York,* 133 AD2d 818).* The undisputed proof submitted in this case in support of the defendants' motion for partial summary judgment demonstrates that the defendants were engaged in the production and distribution of milk and dairy products and that they played no role in designing, manufacturing, selling, or distributing the liftgate and the steps at the rear of their delivery truck. Accordingly, the defendants cannot be held liable for enhancing the plaintiff's injuries.

In view of the dismissal of the plaintiff's enhanced-injury claim, the Supreme Court properly concluded that further discovery is unnecessary on the issue of whether the defendant Sunnydale Farms, Inc., leased the milk truck to its subsidiary Schwenk Dairy, Inc. Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.