■ The People of the State of New York, Respondent, v Jeffrey Paul, Appellant. (Appeal No. 2.) [646 NYS2d 486] —Judgment unanimously reversed on the law, plea vacated and matter remitted to Livingston County Court for further proceedings on declaration of delinquency. Same Memorandum as in *People v Paul* (229 AD2d 932 [decided herewith]). (Appeal from Judgment of Livingston County Court, Cicoria, J.—Violation of Probation.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.

■ Gary Novoa et al., Respondents, v Woodson Incorporated et al., Defendants, and Joseph Davis, Inc., Doing Business as Davis Refrigeration, Inc., Appellant. [645 NYS2d 191] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Joseph Davis, Inc., doing business as Davis Refrigeration, Inc., dismissed. Memorandum: Supreme Court erred in denying the motion of defendant Joseph Davis, Inc., doing business as Davis Refrigeration, Inc. (Davis), for summary judgment dismissing the complaint against it.

Gary Novoa (plaintiff) was injured when he fell from a ladder that he used to reach a refrigeration system in a storage freezer. That system had been installed by Davis almost seven years before the accident. The ladder was surrounded by a safety cage. As plaintiff attempted to climb down the ladder, his jacket became caught in a bend in the safety cage. Plaintiff fell approximately 15 feet while attempting to free himself. The ladder and an attached catwalk were designed and installed by defendant Woodson Incorporated (Woodson), and were manufactured by defendant Herr & Sacco, Inc., which supplied it to Woodson. In his complaint, plaintiff alleged, *inter alia*, that Davis negligently designed and installed the ladder and failed to warn of the ladder's dangerous condition.

In support of its motion, Davis established that it owed no duty to plaintiff because it did not design, install, maintain, own or control the ladder (*see, Gerdowsky v Crain's N. Y. Bus.,* 188 AD2d 93, 95-96). Any training provided by Davis to plaintiff or his coemployees related only to maintenance of the refrigeration system, a mechanism separate and independent from the ladder and catwalk. (Appeal from Order of Supreme Court, Erie County, Forma, J.—Summary Judgment.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.