■ PAULINE BARLETTA, Respondent, v JOHN LEWIS, Appellant. [655 NYS2d 389] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated February 2, 1996, which granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, with costs, and the motion for partial summary judgment is denied without prejudice to renew after the completion of discovery; and it is further,

Ordered that within 30 days after service upon the plaintiff's counsel of a copy of this decision and order with notice of entry the plaintiff shall submit to an examination before trial to be held at a time and place to be fixed by written notice of not less than 10 days, to be given by the defendant, or at such other time and place as the parties may agree.

The plaintiff was allegedly injured while exiting a vehicle which was owned by her husband and being operated at the time by the defendant. After joinder of issue the plaintiff served a bill of particulars along with a motion for partial summary judgment on the issue of liability. The court granted partial summary judgment on the basis that the opposition submitted by the defendant's attorney was "entirely speculative and * * * not based upon personal knowledge". We reverse.

Under the facts and circumstances of this case, it was premature to grant summary judgment before discovery had even begun (*see, Rodriguez v Logan*, 188 AD2d 522; *Schleich v Gruber*, 133 AD2d 224; *Smith v City of New York*, 133 AD2d 818). The defendant's failure to submit an affidavit based upon personal knowledge does not necessarily preclude the court from finding that questions of comparative negligence are presented (*see, Rodriguez v Logan, supra*). In addition, there is sufficient reason to believe that facts essential to justify opposition to the motion are within the exclusive knowledge of the plaintiff and may be revealed through pretrial discovery (*see,* CPLR 3212 [f]; *Schleich v Gruber, supra; Blue Bird Coach Lines v 107 Delaware Ave.*, 125 AD2d 971). Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.