■ CARLOS M. DASILVA, Respondent, v SEVILLE CENTRAL MIX CORP., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. J.D. POSILLICO, INC./P. SCALAMANDRE & SONS, INC., Third-Party Defendant-Appellant. [655 NYS2d 402] —In an action to recover damages for personal injuries, the defendant Seville Central Mix Corp. appeals, as limited by its brief, and the third-party defendant J.D. Posillico, Inc./P. Scalamandre & Sons, Inc., a joint venture, separately appeals, from so much of an order of the Supreme Court, Nassau County (Kohn, J.), entered September 15, 1995, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against the defendant Seville Central Mix Corp.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs; the respective motions of the defendant Seville Central Mix Corp. and the third-party defendant J.D. Posillico, Inc./P. Scalamandre & Sons, Inc., a joint venture, are granted, the complaint insofar as asserted against the defendant Seville Central Mix Corp. is dismissed, and the third-party complaint against J.D. Posillico, Inc./P. Scalamandre & Sons, Inc., a joint venture, is dismissed.

The Labor Law § 240 (1) cause of action should have been dismissed, as the plaintiff's injuries did not result from an elevation-related risk as contemplated by the statute (see, Misseritti v Mark IV Constr. Co., 86 NY2d 487; Rodriguez v Tietz Ctr. for Nursing Care, 84 NY2d 841; Matter of Sabovic v State of New York, 229 AD2d 586; Phillips v City of New York, 228 AD2d 570). As to his cause of action based on Labor Law § 241 (6), the plaintiff failed to allege any violation of any provisions of the Industrial Code mandating compliance with concrete specifications which would be applicable to the facts of this ac-

tion (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Munroe v New Windsor Bus. Park Assocs.*, 227 AD2d 600). The plaintiff's causes of action to recover damages for negligence and violation of Labor Law § 200 should also have been dismissed, as there was no showing that the allegedly defective condition which contributed to his accident was created by the defendant Seville Central Mix Corp. (hereinafter Seville) or that Seville had actual or constructive notice of its existence (*see, Mantovi v Nico Constr. Co.*, 217 AD2d 650). Furthermore, Seville had no duty to warn of any dangerous condition of which the plaintiff was aware (*see, Banks v Makita, U.S.A.*, 226 AD2d 659).

Finally, the strict products liability and breach of warranty causes of action asserted against Seville must fail as Seville was not a manufacturer or seller, or otherwise part of the distributive chain (*see, Lawless v O'Brien*, 222 AD2d 657; *Passaretti v Aurora Pump Co.*, 201 AD2d 475). Rosenblatt, J. P., Pizzuto, Altman and Luciano, JJ., concur.