■ Judith Karnes, Respondent, v City of White Plains, Appellant. [655 NYS2d 615] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered February 13, 1996, as denied its motion for summary judgment dismissing the complaint and its application for sanctions pursuant to 22 NYCRR 130-

1.1 and costs pursuant to CPLR 8303-a, and (2) so much of an order of the same court, entered June 13, 1996, as denied that branch of its motion which was for leave to renew, and upon the granting of that branch of its motion which was for leave to reargue, adhered to its original decision.

Ordered that the appeal from the order entered February 13, 1996, is dismissed, without costs or disbursements, as that order was superseded by the order entered June 13, 1996, made upon reargument; and it is further,

Ordered that the order entered June 13, 1996, is modified, on the law and as a matter of discretion, by deleting the provison thereof which denied that branch of the motion which was for leave to renew so much of the prior motion which was for summary judgment, and substituting therefor a provision granting that branch of the motion, and upon renewal, granting that branch of the prior motion which was for summary judgment dismissing the complaint; as so modified, the order entered June 13, 1996, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff tripped and fell as a result of an alleged pothole in a street owned by the defendant, the City of White Plains. The City moved for summary judgment arguing that it had not received prior written notice of the pothole in accordance with White Plains Code § 277, nor was there any evidence of affirmative negligence by the City. The plaintiff opposed the motion arguing, *inter alia,* that the City had created the defect. The court denied the motion, based in part on the fact that the City failed to respond to the plaintiff's notice for discovery and inspection even though the notice was served almost 14 months prior to the motion for summary judgment.

The motion for summary judgment was properly denied as premature based upon the City's failure to comply with the plaintiff's notice for discovery and inspection *(see, Hart v Incorporated Vil. of Val. Stream,* 193 AD2d 781; *see also, Barletta v Lewis,* 237 AD2d 238; *Schleich v Gruber,* 133 AD2d 224; *Smith v City of New York,* 133 AD2d 818). However, the court should have exercised its discretion in favor of granting the application to renew, which was made after the City furnished its discovery response, since there was no proof that the City created the allegedly defective condition *(see generally, Hantz v Fishman,* 155 AD2d 415; *Oremland v Miller Minuteman Constr. Corp.,* 133 AD2d 816; *Pinto v Pinto,* 120 AD2d 337). Therefore, since the plaintiff failed to demonstrate that the City received prior written notice of the alleged defect or that the City created the condition, the motion for

summary judgment should have been granted and the complaint dismissed *(see, Kiernan v Thompson,* 73 NY2d 840; *Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540; *Ricciuti v Village of Tuckahoe,* 202 AD2d 488).

The court correctly denied the City's application for sanctions pursuant to 22 NYCRR 130-1.1 and for costs pursuant to CPLR 8303-a. The City failed to demonstrate that the plaintiff's conduct was frivolous as that term is defined under 22 NYCRR 130-1.1 (c), or that the action was commenced or continued in bad faith (CPLR 8303-a [c] [i]). Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.