■ DARRIN KETCHUM, Respondent, v NATIONAL STANDARD COMPANY, INC., et al., Defendants, and RIG ALL, INC., Appellant. (Appeal No. 1.) RAYMOND KETCHUM, JR., as Guardian Ad Litem of RAYMOND KETCHUM, III, et al., Respondents, v NATIONAL STANDARD COMPANY, INC., et al., Defendants, and RIG ALL, INC., Appellant. (Appeal No. 2.) [661 NYS2d 583] —Order unanimously reversed on the law without costs, motion granted and complaints dismissed. Memorandum: Supreme Court erred in denying the motion of Rig All, Inc. (defendant), for summary judgment dismissing the complaints. Defendant established that in April 1982, pursuant to an agreement with Camden Wire Co., Inc. (Camden Wire), it transported an S346 planetary cabler from the facilities of defendant Bartell Machinery Systems Co. in Rome, New York, and placed it in building #49 at the Camden Wire plant in Camden, New York. Defendant established that it did not design, manufacture, sell, distribute or market the cabler and plaintiffs failed to raise a triable issue of fact. Thus, plaintiffs' strict products liability claim cannot be sustained (*see, Lawless v O'Brien,* 222 AD2d 657, 658; *D'Onofrio v Boehlert* [appeal No. 1], 221 AD2d 929; *Porter v LSB Indus.,* 192 AD2d 205, 211).

Likewise, plaintiffs' claim that defendant negligently assembled or installed the cabler cannot be sustained because the proof establishes that defendant placed the cabler as directed by the employees of Camden Wire and neither assembled nor installed the cabler (*see, Novoa v Woodson Inc.,* 229 AD2d 934; *Rosado v Cavagnaro & Sons Mach. Corp.,* 193 AD2d 476; *Gerdowsky v Crain's N. Y. Bus.,* 188 AD2d 93; *Miccio v Skidmore Coll.,* 180 AD2d 983). A Camden Wire employee who was present when the cabler was delivered stated in an affidavit that he drew chalk marks on the floor to show defendant's employees where to place the pieces of the cabler. That employee further averred that defendant's employees had no role in determining where to place the cabler and did not assemble the cabler, but merely laid it in place as instructed. Rather, the assembly of the cabler and the final adjustments in its placement were completed by Camden Wire employees. The fact that the invoice and purchase order for transporting the cabler contain the words "assemble" or "install" does not alter

that result. (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—Summary Judgment.) Present—Denman, P. J., Green, Lawton, Balio and Fallon, JJ.