■ MARGARET JEMMOTT, Appellant, v ALDRICH, EASTMAN & WALTCH, INC., Defendant and Third-Party Plaintiff-Respondent. PERMANENT MISSION OF BARBADOS TO THE UNITED NATIONS, Also Known as BARBADOS TOURISM BOARD, Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [668 NYS2d 938] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated November 22, 1996, as granted the cross motion of the defendant for summary judgment dismissing the complaint, granted the separate cross motion of the third-party defendant for summary judgment dismissing the complaint and the third-party complaint, and denied that branch of her cross motion which was for further discovery.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the cross motions of the defendant and third-party defendant for summary judgment are

denied, the complaint and third-party complaint are reinstated, and that branch of the appellant's cross motion which was for leave to conduct further discovery is granted.

On June 18, 1991, the plaintiff was allegedly injured when she was struck by a door at her office located on Second Avenue in Manhattan. The plaintiff commenced this action against Aldrich, Eastman & Waltch, Inc. (hereinafter AEW, Inc.), alleging that it was the owner of the subject premises. On or about February 1, 1993, AEW, Inc., served a third-party complaint on the Permanent Mission of Barbados to the United Nations (hereinafter the Mission) alleging, *inter alia*, that a lease between them concerned the subject premises. Thereafter, the Mission and AEW, Inc., separately cross-moved for summary judgment, asserting that at the time of the plaintiff's accident, a nonparty, "AEW #6 Corporation", owned the subject property.

The cross motions for summary judgment were incorrectly granted. It is apparent from the record that "facts essential to justify opposition" to the motions may exist but cannot be stated at this time as they are within the exclusive knowledge of AEW, Inc., and the Mission (*see,* CPLR 3212 [f]). Under such circumstances, the plaintiff should be afforded the opportunity to conduct discovery concerning the ownership and control of the subject premises (*cf., Smith v City of New York,* 133 AD2d 818). Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.