■  Norma Vigo, Respondent, v 501 Second Street Holding Corp., Appellant, et al., Defendants. (And a Third-Party Action.) [955 NYS2d 99]—

In an action to foreclose a mortgage, the defendant 501 Second Street Holding Corp. appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated July 30, 2010, which, upon a decision of the same court dated June 29, 2010, denied its motion for leave to reargue its motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it and the defendant 501 Second Street, LLC, which had been denied in an order of the same court dated October 2, 2009, granted the plaintiff's cross motion for leave to enter a default judgment against the defendants 501 Second Street Holding Corp. and 501 Second Street, LLC, and directed that, upon the conclusion of the action against the remaining defendants, a referee shall be appointed to compute the amount due to the plaintiff for the principal, interest, and late charges upon, and any money advanced pursuant to any provision of, the mortgage and note with respect to the subject premises.

Ordered that the appeal from so much of the order dated July 30, 2010, as denied the motion of the defendant 501 Second Street Holding Corp. for leave to reargue its motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it and the defendant 501 Second Street, LLC, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated July 30, 2010, as granted that branch of the plaintiff's cross motion which was for leave to enter a default judgment against the defendant 501 Second Street, LLC, is dismissed, as the appellant is not aggrieved by that portion of the order; and it is further,

Ordered that the order dated July 30, 2010, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court correctly granted that branch of the plaintiff's cross motion which was for leave to enter a default judgment against the appellant, as the appellant failed to timely serve and file an answer to the amended complaint, and failed "to demonstrate a reasonable excuse for its default and a potentially meritorious defense to the action" (*Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2011]; *see Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]; *Lipp v Port Auth. of N.Y. & N.J.*, 34 AD3d 649, 649 [2006]).

The appellant contends that by moving for leave to reargue its prior motion to dismiss the amended complaint pursuant to CPLR 3211, its time to serve and file an answer to the amended complaint was extended, pursuant to CPLR 3211 (f), until 10 days after service of notice of entry of the order determining the reargument motion. This contention is incorrect. Only a motion to dismiss an action or a defense, in accordance with CPLR 3211 (a) or (b), serves to so extend the time to serve and file an answer. A motion for leave to reargue pursuant to CPLR 2221 does not (*cf. Storman v Storman*, 90 AD3d 895 [2011]; *333 Cherry LLC v Northern Resorts, Inc.*, 66 AD3d 1176, 1177 [2009]; *Haughton v F.W.D. Corp.*, 193 AD2d 781 [1993]).

The appellant's remaining contentions are without merit. Dillon, J.P., Florio, Austin and Roman, JJ., concur.