The defendant, Tulger Construction Corporation (hereinafter Tulger), was the general contractor on a construction project for additions and alterations to a golf activities center in Lake Success. The plaintiff, Alpha Interiors, Inc. (hereinafter Alpha), was a subcontractor on the project. The subcontract between Tulger and Alpha provided, inter alia, that Alpha must “comply with all laws, ordinances, rules, regulations and orders of any public authority bearing on the performance of the Work under the Subcontract.” This provision required, among other things, that Alpha comply with Labor Law § 220, which requires payment of “the prevailing rate of wage” and “supplements” to workers on public works contracts. “Supplements” is defined as “all remuneration for employment paid in any medium other than cash, or reimbursement for expenses, or any payments which are not ‘wages’ within the meaning of the law, including, but not limited to, health, welfare, non-occupational disability, retirement, vacation benefits, holiday pay[,] life insurance, and apprenticeship training” (Labor Law § 220 [5] [b]). Over the course of the construction project, multiple change orders were issued. After the work was completed, Alpha commenced this action to recover damages for breach of contract and on an account stated, alleging that Tulger had failed to pay money owed *661 under the subcontract. Eventually, Tulger moved, inter alia, for summary judgment dismissing the complaint and to impose sanctions pursuant to 22 NYCRR 130-1.1. Tulger argued that Alpha had breached a material term of the contract by requiring its workers to kick back money they received for supplements. In support of its motion, Tulger submitted evidence that Alpha and its president had pleaded guilty to a wilful violation of Labor Law § 220 (see Labor Law § 220 [3] [d] [i] [1], [2]). In opposition to the motion, Alpha did not deny its wilful violation of the law, but contended that it had performed the work under the contract and should be paid the amounts it claimed to be due. The Supreme Court, inter alia, denied those branches of Tulger’s motion which were for summary judgment dismissing the complaint and to impose sanctions pursuant to 22 NYCRR 130-1.1.
A party’s illegal acts in the performance of a legal contract may, under certain circumstances, vitiate its right to recover on the contract (see McConnell v Commonwealth Pictures Corp., 7 NY2d 465, 470 [1960]). In order for such a forfeiture to occur, “[t]here must at least be a direct connection between the illegal transaction and the obligation sued upon. Connection is a matter of degree” (id. at 471). Moreover, forfeiture is limited to “cases in which the illegal performance of a contract originally valid takes the form of commercial bribery or similar conduct and in which the illegality is central to or a dominant part of the plaintiff’s whole course of conduct in performance of the contract” (see id. at 471; R.A.C. Group, Inc. v Board of Educ. of City of N.Y., 21 AD3d 243, 249 [2005]).
Here, Tulger established its prima facie entitlement to judgment as a matter of law. Tulger demonstrated that Alpha’s admitted illegal conduct in forcing its workers to kick back amounts received for supplements had a direct connection to the amounts Alpha claimed were due under the contract (see FCI Group, Inc. v City of New York, 54 AD3d 171, 177 [2008]). Additionally, because the kickback scheme took place repeatedly during Alpha’s performance of the subcontract, “the illegality [was] central to or a dominant part of the plaintiffs whole course of conduct in performance of the contract” (McConnell v Commonwealth Pictures Corp., 7 NY2d at 471). Under such circumstances, public policy precludes Alpha from recovering the amounts it claims are due (McConnell v Commonwealth Pictures Corp., 7 NY2d at 470). In opposition, Alpha failed to raise a triable issue of fact (see Persaud v Bovis Lend Lease, Inc., 93 AD3d 831, 833 [2012]). Accordingly, the Supreme Court should have granted that branch of Tulger’s motion which was for summary judgment dismissing the complaint.
*662 However, the Supreme Court properly denied that branch of Tulger’s motion which was to impose sanctions against Alpha (see 22 NYCRR 130-1.1; Karnes v City of White Plains, 237 AD2d 574, 576 [1997]). Rivera, J.P., Balkin, Leventhal and Chambers, JJ., concur.