■ JOHN BYRNES, Appellant, v W. NORMAN SCOTT, Defendant, and LENOX HILL HOSPITAL, Respondent.—Judgment, Supreme Court, New York County (Stanley L. Sklar, J.), entered March 12, 1991, which granted the motion of defendant, Lenox Hill Hospital, for summary judgment dismissing the complaint, unanimously reversed, on the law and on the facts, without costs, the judgment vacated, the motion denied, and the complaint reinstated.

On or about February 1, 1979, in Lenox Hill Hospital (Hospital), Dr. W. Norman Scott (Dr. Scott) performed a high tibial endosteotomy on Mr. John Byrnes, in order to relieve pain and increase mobility of the left knee. Thereafter, on February 5, 1979, while recuperating from the surgery, Mr. Byrnes developed a fever of 101.4 degrees fahrenheit, which was treated by the Hospital resident physician, Dr. Nicholas Polifroni (Dr. Polifroni), with two tablets of Tylenol, every four hours, as needed, for a temperature greater than 101 degrees.

Subsequently, in February 1981, Mr. Byrnes (plaintiff) commenced a medical malpractice action against Dr. Scott and the Hospital (defendant) to recover damages for injuries, resulting from defendants' alleged negligence, including their treatment of the post February 1, 1979 left knee operation infection.

In 1989, the action was dismissed against defendant, Dr. Scott, for lack of personal jurisdiction, and we affirmed *(Byrnes v Scott,* 167 AD2d 155 [1st Dept 1990]).

Following the joinder of issue, defendant Hospital moved for summary judgment, dismissing the complaint, and the IAS Court granted that motion. Plaintiff appeals.

We stated, in *Gibson v American Export Isbrandtsen Lines* (125 AD2d 65, 74 [1st Dept 1987]), that "[a]s repeatedly held, the remedy of summary judgment is a drastic one, which should not be granted when there is any doubt as to the existence of a triable issue * * * or where the issue is even arguable * * * since it serves to deprive a party of his day in court. Relief should be granted only where no genuine, triable issue of fact exists". Further, on a defendant's motion for summary judgment, opposed by plaintiff, we are required to accept the plaintiff's pleadings, as true, and our decision "must be made on the version of the facts most favorable to [plaintiff]" *(Strychalski v Mekus,* 54 AD2d 1068, 1069 [1976];

*McLaughlin v Thaima Realty Corp.,* 161 AD2d 383, 384 [1st Dept 1990]).

Our examination of the record indicates an affidavit from Dr. Howard S. Schwartz (Dr. Schwartz), plaintiff's expert, concludes that, in his expert opinion, "Dr. Polifroni, a resident and employee of the hospital, deviated from good and accepted medical practice by failing to ascertain the origin of the [plaintiff's] fever". Specifically, Dr. Schwartz explained "a high tibial endosteotomy was performed by Dr. Scott on 2/1/79 which resulted in a post operation infection. The infection first became apparent on 2/5/79 when the patient spiked a fever. This was 'treated' rather inadequately with Tylenol by a resident, Dr. Polifroni, and otherwise ignored. The result was untreated infection and a diseased knee".

Applying the legal authority, *supra,* we find a triable issue of fact, as to whether defendant's resident's treatment, on February 5, 1979, of plaintiff's fever, deviated from good and acceptable medical practice, and therefore, we further find that the IAS Court erred in granting defendant's motion for summary judgment, dismissing the complaint.

Accordingly, we reverse, deny the motion, and reinstate the complaint. Concur—Milonas, J. P., Ellerin, Ross and Rubin, JJ.