■ TRANSAMERICA COMMERCIAL FINANCE CORPORATION, Formerly Known as BORG WARNER ACCEPTANCE CORPORATION, Respondent, v ROY A. MATTHEWS OF SCOTIA, INC., et al., Appellants.—Casey, J. Appeals (1) from two orders of the Supreme Court (Doran, J.), entered May 12, 1989 and June 23, 1989 in Schenectady County, which, *inter alia,* granted plaintiff's motion for an order of seizure of certain collateral in defendants' possession, (2) from an order of said court, entered November 26, 1990 in Schenectady County, which partially granted plaintiff's motion for summary judgment, and (3) from the judgment entered thereon.

To obtain financing for the purchase of appliances and other goods to be sold at retail from locations in Schenectady and Saratoga Counties, defendants each executed a security agreement as debtor with plaintiff's predecessor. The contractual arrangement, commonly called a floor plan, requires that when an item acquired with credit extended by plaintiff is sold at retail, the debtor must pay plaintiff the amount of credit extended on that item, and until such payment is made, the debtor is required to hold the proceeds of the retail sale in trust for plaintiff separate and apart from the debtor's funds. Thus, for any outstanding credit balance owed to plaintiff, the debtor is required either to have in its inventory the items on

which the credit had been extended or to have the proceeds of the sales of those items held in trust for plaintiff. In the event that any item acquired by the debtor with credit extended by plaintiff is not in the inventory and the proceeds of its sale are not held in trust for plaintiff, the debtor is said to be "out of trust". The indebtedness to plaintiff is secured not only by the debtor's inventory, but also by other property such as the debtor's equipment, furniture, fixtures, accounts and contract rights.

To protect its rights under the security agreements, plaintiff conducted regular inspections of defendants' business premises. In April and May 1989, plaintiff's employees reported that inspections of defendants' business premises revealed that defendants were "out of trust" in an amount exceeding $150,000. Based upon the reports that defendants were "out of trust", plaintiff sought and obtained an order of seizure without notice (see, CPLR 7102 [d] [1], [3]), directing the Sheriff to seize the collateral described in the parties' security agreements. The order was executed by the Sheriffs of Schenectady and Saratoga Counties and, upon plaintiff's motion, the order of seizure was confirmed (see, CPLR 6211 [b]).

Plaintiff also commenced an action against defendants (see, CPLR 6213) asserting six causes of action based, inter alia, upon allegations of breach of contract and conversion. After the order of seizure was confirmed, the Sheriffs delivered the seized property to plaintiff and plaintiff thereafter disposed of the property by returning some of it to the manufacturer and by selling some of it through private sales. After the net proceeds of the disposition were credited against amounts allegedly owed by defendants to plaintiff, plaintiff moved for summary judgment to recover the alleged deficiency and to recover counsel fees. Plaintiff's motion was partially granted and resulted in this appeal[1] by defendants, who contend that there are issues of fact pertaining to the liability of each defendant, the amount that defendants were "out of trust" and the commercial reasonableness of plaintiff's disposition of the seized property. We agree.

Defendant Roy A. Matthews, doing business as Roy Matthews T.V. & Appliance Center (hereinafter the DBA), having

---

1. While defendants have also appealed from two orders which, among other things, granted plaintiff's motion for an order of seizure, we deem these appeals abandoned as defendants' brief fails to set forth any argument that these orders were erroneous (see, First Natl. Bank v Mountain Food Enters., 159 AD2d 900, 901).

its principal place of business in the Village of Scotia, Schenectady County, executed its inventory security agreement in 1980 for the purpose of securing repayment of any credit extended by plaintiff and securing "payment of all other debts or liabilities and performance of all obligations of Debtor to Secured Party, whether now existing or hereafter arising". In 1985 defendant Roy Matthews T.V. & Appliance Center of South Glens Falls, Inc. (hereinafter the Glens Falls business), having its principal place of business in the Village of South Glens Falls, Saratoga County, executed a similar security agreement. Defendant Roy A. Matthews of Scotia, Inc. (hereinafter Scotia, Inc.), having its principal place of business in Scotia, executed a similar inventory security agreement in 1987. The record also contains personal guarantees for each of the business entity's debts allegedly executed by the individual defendant, Roy Matthews (hereinafter Matthews). Defendants contend that questions of fact exist as to whether any defendant other than Scotia, Inc. can be found liable to plaintiff.

In opposition to plaintiff's motion for summary judgment, Matthews submitted an affidavit in which he alleges that a change in the structure of the businesses occurred in September and October 1987 whereby Scotia, Inc. undertook the business operations of the other two business entities which ceased doing business. There is no evidence in the record that either the DBA or the Glens Falls business ceased to exist as separate and distinct business entities or that plaintiff released them from the continuing obligations of the security agreements executed by them. There is, however, a question of fact as to whether the DBA or the Glens Falls business conducted any business and incurred any debts after Scotia, Inc. began operating in 1987. If the DBA and the Glens Falls business actually ceased their business operations and incurred no debt to plaintiff after 1987, they cannot be liable to plaintiff for any of the debt incurred after 1987 because each security agreement is expressly limited to debts incurred by the debtor that executed the agreement. Because it is not clear from the record whether plaintiff is seeking to impose liability on the DBA and the Glens Falls business for debts allegedly incurred after 1987, when Scotia, Inc. allegedly assumed all business operations and the other two entities allegedly ceased doing business, questions of fact preclude an award of summary judgment against the DBA and the Glens Falls business. Inasmuch as the personal guarantees are directly related to the debts covered by the security agreements,

summary judgment cannot be awarded on the personal guarantees for the DBA and the Glens Falls business.[2] It is conceded that a question of fact exists as to the validity of Matthews' guarantee of the debts of Scotia, Inc.

We are also of the view that the record is insufficient to permit summary judgment on the amount of the deficiency remaining after the disposition of the seized property. Affidavits of plaintiff's employees contain allegations as to the amount of the outstanding debt owed to plaintiff as the result of its extension of credit to defendants. Presumably, this amount was calculated from documents in plaintiff's possession, but no documentary evidence was submitted on this issue in support of plaintiff's motion, and the affidavits contain no explanation as to how the total amount of debt was calculated. As the proponent of a motion for summary judgment, plaintiff bore the burden of showing entitlement to judgment as a matter of law by tendering sufficient evidentiary proof in admissible form to eliminate any material issues of fact from the case *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). We are of the view that the conclusory allegations of plaintiff's employees as to the total amount of outstanding debt arising out of plaintiff's extensions of credit pursuant to the inventory security agreements are insufficient to satisfy this burden.

Plaintiff also bore the burden of showing that it disposed of the collateral in a commercially reasonable manner *(see, Mack Fin. Corp. v Knoud,* 98 AD2d 713), but plaintiff's moving papers fail to set forth the necessary facts and circumstances surrounding the various dispositions here *(see, supra).* It is noteworthy that in support of its application for an order of seizure without notice, plaintiff alleged that the collateral to be seized had an aggregate value of approximately $1,224,000, but the affidavits in support of plaintiff's motion for summary judgment allege that the disposition of that collateral yielded either $1,067,339.71 or $948,838.46, less nearly $93,000 in expenses.

Turning to the causes of action based upon conversion, plaintiff was required to "establish legal ownership of a specific identifiable piece of property and the defendant's exercise of dominion over or interference with the property in defiance

2. Matthews' additional claim that the personal guarantee for the Glens Falls business was limited to a one-year period is meritless. The guarantee has a dollar limit but no limitation as to time.

of the plaintiff's rights" *(Ahles v Aztec Enters.,* 120 AD2d 903, *lv denied* 68 NY2d 611). Plaintiff's conversion theory is based upon the claim that defendants were "out of trust" for various items that were not in defendants' inventory. The claim, however, is unsupported by any documentary evidence which specifically identifies the items that were missing from defendants' inventory and establishes the actual amount that defendants were "out of trust".

As to the award of counsel fees, we conclude that, inasmuch as there are issues of fact related to the merits of plaintiff's claims against defendants, an award of counsel fees is inappropriate at this juncture.

Mahoney, P. J., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the orders entered May 12, 1989 and June 23, 1989 are affirmed. Ordered that the order entered November 26, 1990 and judgment entered thereon are modified, on the law, with costs to defendants, by reversing so much thereof as partially granted plaintiff's motion for summary judgment; motion denied in its entirety; and, as so modified, affirmed.