■ TRUSTCO BANK NEW YORK, Formerly Known as SCHENECTADY TRUST COMPANY, Appellant, v THOMAS P. HIGGINS et al., Respondents. [594 NYS2d 394] —Mikoll, J. Appeal from an order of the Supreme Court (Doran, J.), entered June 2, 1992 in Schenectady County, which denied plaintiff's motion for summary judgment.

Plaintiff sued defendants in conversion and sought summary judgment seeking $9,883.12 from each defendant for overpayments which were made in error to them. The affidavit of plaintiff's trust operations manager, Lyda La Mont, was supplied in support of the motion. La Mont averred that the sums sought to be recovered were erroneously paid out by plaintiff to defendants as beneficiaries of the Frank Higgins trust. La Mont also stated that plaintiff issued the following

drafts: (1) on November 14, 1985 a draft in the sum of $15,000 to defendant Martha McKenna, (2) on November 26, 1985 a draft in the sum of $25,000 to defendant Joan Cambel, and (3) on November 26, 1985 a draft for $25,000 to defendant Thomas P. Higgins. La Mont stated that each of these payments exceeded each defendant's entitlement to payments from the Higgins trust by $9,883.12 and that these moneys belonged to the Alan Marshall trust, of which plaintiff was also trustee. La Mont further averred that demand was made on defendants to return the overpayments and that defendants have refused to do so. This action was commenced by plaintiff on October 21, 1991. Supreme Court denied plaintiff's motion for summary judgment, giving rise to this appeal.

There should be an affirmance. Plaintiff has failed to set forth sufficient proof in its moving papers to warrant the granting of summary judgment. Outside of La Mont's conclusory statements of the alleged overpayments to defendants, the moving papers contain no documentary proof or evidence substantiating plaintiff's claim that it is entitled to a repayment.

In response to the motion, defendants stated that the Higgins trust was closed in 1987 and that information of the extent of the trust and payments due thereunder is within the sole knowledge of plaintiff. Defendants contended that they are unable to ascertain whether any overpayments were made because all of the documentary evidence is in plaintiff's hands. Higgins averred that he was the executor of the estate of his father, from which the Higgins trust account was established, and alleged that he never received an accounting of how payments to him and to the other defendants, also beneficiaries thereunder, were arrived at. Higgins also stated that he has paid income and capital gains taxes on the moneys sought to be recovered; that plaintiff has mismanaged the Higgins trust and owes money to the estate due to its mismanagement, and that he is unable to repay the amount demanded due to business reverses. Further, McKenna denied any knowledge of an overpayment to her by plaintiff and also averred that due to financial reverses, she declared bankruptcy in 1990 and is financially unable to repay the amount sought.

Where facts essential to justify opposition to a motion for summary judgment might exist, but cannot be stated because they are in the moving party's exclusive knowledge or control, summary judgment must be denied (CPLR 3212 [f]). Defendants should be afforded the opportunity to engage in discovery before a determination is made as to whether plaintiff is

entitled to judgment as a matter of law *(see, Schleich v Gruber,* 133 AD2d 224, 225; *Smith v City of New York,* 133 AD2d 818, 820).

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.