■ WAMCO XVII, LTD., Appellant, v CHESTNUT ESTATES DEVELOPMENT CORPORATION et al., Respondents. [674 NYS2d 523]
—Yesawich Jr., J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 6, 1997 in Ulster County, which, *inter alia*, denied plaintiff's motion for summary judgment in lieu of complaint.

In this action for recovery of amounts allegedly due and payable pursuant to two promissory notes executed by defendant Chestnut Estates Development Corporation, payment of which was unconditionally guaranteed by the individual defendants, plaintiff moved for summary judgment in lieu of serving a complaint (*see*, CPLR 3213). In support of its motion, plaintiff— which purchased the notes from First Fidelity Bank N. A., a successor in interest to the original payee—submitted the affidavit of its agent, who, on the basis of information purportedly gleaned from documents plaintiff received from First Fidelity, set forth the amounts of principal and interest owed on each of the notes, totaling $67,757.87.

In response, two of the individual defendants submitted affidavits in a timely manner; Chestnut Estates has not appeared. The remaining defendants served their responding affidavit approximately one month late. Although plaintiff rejected this submission, Supreme Court accepted it, in what we find to have been a reasonable exercise of its discretion in this regard (*see, Agristor Leasing v Barlow*, 180 AD2d 899, 901, *lv dismissed* 80 NY2d 826), and denied plaintiff's motion in its entirety. Plaintiff appeals.

We affirm. To prevail, plaintiff must demonstrate, by means of admissible evidence, the execution of the underlying notes and guarantees, and a failure to make the required payments (*see, SCP [Bermuda], Inc. v Bermudatel, Ltd.*, 224 AD2d 214, 216, *lv dismissed* 87 NY2d 1056). "[A]bsent supporting documentary evidence or an explanation as to how the total amount of debt was calculated", conclusory allegations as to the amount due are insufficient to sustain this burden (*First Am. Bank v L.V. Lowden, Inc.*, 197 AD2d 774, 775; *see, Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 694), particularly where, as here, those allegations are made by one lacking personal knowledge of the relevant facts, solely on the basis of documents that are not before the court (*see, Walter v Niagara Mohawk Power Corp.*, 193 AD2d 1065). Inasmuch as the record is devoid of proof establishing either the amounts advanced to Chestnut Estates pursuant to its lines of credit or the payments it made (*see, Trustco Bank v Higgins*, 191 AD2d 788, 789; *compare, Grasso v Shutts Agency*, 132 AD2d 768, *appeal dismissed* 70 NY2d 797), summary judgment was properly denied.

Cardona, P. J., Crew III, White and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.