■ Mary Banker, Individually and as Parent and Guardian of Nicholas Banker, an Infant, Respondent, v James G. Hoehn et al., Defendants, and H.G.M., Inc., et al., Appellants. [718 NYS2d 438] —Mugglin, J. Appeal from an order of the Supreme Court (Dawson, J.), entered April 10, 2000 in Clinton County, which, inter alia, denied a motion by defendants H.G.M., Inc. and FISMA Corporation for summary judgment dismissing the complaint against them.

Plaintiff's son was born in 1980 with a facial birthmark. In 1993, defendant James G. Hoehn, a plastic surgeon, undertook to remove the birthmark from the infant's face by use of an argon laser manufactured by defendant H.G.M., Inc. Unfortunately, the laser surgery was unsuccessful resulting in hypertrophic scarring. Plaintiff commenced this action alleging, as relevant to this appeal, medical malpractice against Hoehn and strict products liability, based on a failure to adequately warn, against H.G.M. and defendant FISMA Corporation (hereinafter collectively referred to as defendants).[1] Following the completion of discovery, defendants sought summary judgment dismissing the complaint contending that any duty to warn with respect to the argon laser was precluded under the doctrine of "learned intermediary" and that even if the warnings were held insufficient, Hoehn's knowledge of the risks associated with the use of the argon laser in treating children with such facial birth defects[2] and Hoehn's failure to review the

---

1. H.G.M. and FISMA Corporation are related entities.

warnings given in the operation's manual for the laser established that any failure to warn on its part did not proximately cause the injury to the infant. Believing that defendants' motion for summary judgment was premised only upon the "learned intermediary doctrine," which is centered on the assumption that proper warnings had been given, Supreme Court denied the motion finding that defendants' submissions failed to establish the exact warnings given by defendants prior to this surgery. Defendants now appeal.

Plaintiff concedes that the doctrine of "learned intermediary" is applicable to this type of medical device. Under the doctrine of "learned intermediary," the manufacturer of the medical device satisfies its duty to warn of potential adverse effects when it adequately warns medical professionals who use the device in the treatment of patients (see, Martin v Hacker, 83 NY2d 1, 9; Bukowski v CooperVision, Inc., 185 AD2d 31, 34-35). When this occurs, the medical professional acts as an "learned intermediary" between the manufacturer and the patient, relieving the manufacturer of any responsibility to directly warn the patient of potential adverse side effects (see, Martin v Hacker, 185 AD2d 553, affd 83 NY2d 1; Glucksman v Halsey Drug Co., 160 AD2d 305, 307).

We agree with Supreme Court that defendants have failed to eliminate an issue of fact as to which of the manuals was in existence at the hospital where this surgery was performed. The record indicates that there was a 1992 manual which contained a warning concerning the potential of hypertrophic scarring in infants as a side effect from using the device. The machine was purchased in 1990 and allegedly a manual was sent with it containing substantially similar language. A 1987 manual does not contain the warning. Only the 1987 manual appears in the record. However, we disagree with Supreme Court's analysis that defendants moved for summary judgment solely on the "learned intermediary doctrine" and that, therefore, the existence of this issue of fact precludes granting summary judgment.[3] The record supports the conclusion that defendants' motion is further premised on Hoehn's knowledge of the risk of hypertrophic scarring in infants as a side effect associated with the use of this laser and that such knowledge

2.  Hoehn diagnosed the facial birth defect as a hemangioma. However, the parties have referred to it as a "port wine stain."
3.  Given Hoehn's admission that he knew of the danger of hypertrophic scarring in infants, it was irrelevant if the literature failed to contain the warning and redundant if it did.

intervenes to break the chain of causation between any failure to warn on the part of the manufacturer and the injury to plaintiff's son.

A plaintiff seeking to hold the manufacturer of a medical device liable for injuries under a failure to warn theory is required to establish that failure to warn adequately of the potential adverse side effects of the use of the product was a proximate cause of the injury (*see, Glucksman v Halsey Drug Co., supra,* at 307). In circumstances where the treating physician is independently aware of the potential adverse side effects of the use of a particular medical device, such knowledge constitutes an intervening event relieving the manufacturer of any liability to a patient under the failure to warn theory (*see, Andre v Mecta Corp.,* 186 AD2d 1, 2, *lv denied* 85 NY2d 801). Here, there is no question that Hoehn, in the absence of reviewing any operating manuals for the argon laser, was fully cognizant of the potential of hypertrophic scarring in this age group of patients for treatment of hemangioma. Indeed, Hoehn's deposition testimony clearly indicates his concern regarding hypertrophic scarring in that he performed two separate patch tests on the infant, the results of which convinced him that the procedure could be undertaken without too much of a tendency towards hypertrophic scarring. Hoehn further testified that use of the argon laser would not be the preferred procedure if the diagnosis were "port wine stain."

Moreover, Hoehn candidly admitted during his deposition that he did not inform plaintiff that one of the known complications of the argon laser procedure would be hypertrophic scarring. Hoehn's failure to advise plaintiff of this specific potential adverse effect, given his admitted knowledge thereof, was itself an intervening cause severing the causal connection between defendants' alleged failure to warn and the injury to plaintiff's son (*see, Krasnopolsky v Warner-Lambert Co.,* 799 F Supp 1342, 1346; *Glucksman v Halsey Drug Co., supra,* at 307-308).

Next, Hoehn's status as a codefendant does not automatically raise an issue of credibility concerning his deposition testimony sufficient to defeat defendants' motion for summary judgment (*see, e.g., Glucksman v Halsey Drug Co., supra,* at 307). Here, no party has attacked his credibility and his credibility is reinforced by his admission against his own self-interest concerning his failure to advise plaintiff of potential adverse side effects.

Lastly, although defendants appealed from the entire order of Supreme Court, no portion of their brief addresses the issue of the denial of the motion for summary judgment to dismiss

the breach of warranty claim as time barred. Accordingly, we deem that issue to have been abandoned on this appeal (*see, Transamerica Commercial Fin. Corp. v Matthews of Scotia,* 178 AD2d 691, 692, n 1).

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that portion of the motion of defendants H.G.M., Inc. and FISMA Corporation for summary judgment seeking dismissal of the strict products liability cause of action; motion granted to that extent and said defendants are awarded summary judgment dismissing said cause of action; and, as so modified, affirmed.