OPINION OF THE COURT
Ira B. Warshawsky, J.
This motion by plaintiff, Brown Bark I, L.E, as successor in interest to Bank of America, N.A., as successor in interest to Fleet Bank, for summary judgment pursuant to CFLR 3212, *514 and for an order pursuant to CPLR 3211 striking the affirmative defenses of the defendants, Metroflor Transportation Services, Inc. and Alan Futterman, is granted.
Plaintiffs first cause of action against Metroflor seeks to recover upon a line of credit note and line of credit agreement that were executed and delivered to plaintiffs assignor, in connection with the extension of credit by plaintiff to defendants. (See plaintiffs affidavit, exhibit E.) Plaintiff contends that Metroflor is liable under the line of credit note for the aggregate sum of $104,334.44, consisting of principal in the amount of $97,044.53, interest and late charges of $7,428.15, plus additional interest from October 24, 2006 to the date of judgment.
Plaintiffs second cause of action against defendants is for the recovery of legal fees in the amount of $2,400 incurred in recovering the amount due. (See plaintiffs affirmation of counsel ¶¶ 63-66.)
Plaintiffs third cause of action is against defendant Futterman, who executed and delivered to plaintiff, an absolute, unconditional, and continuing guaranty of payment for the debts and obligations of Metroflor. (See plaintiffs exhibit E.)
Plaintiffs fourth cause of action, asserted against defendants collectively, demands that defendants are liable on an account stated from November 8, 2006 for the amount demanded in the complaint.
On or about October 27, 1999, defendant Futterman, on behalf of Metroflor, and as a guarantor, executed and delivered a business credit application, a line of credit note and an agreement to plaintiff, together with his personal guaranty. This guaranty made defendant Futterman personally liable for the payment of the debts and obligations of Metroflor.
On or about November 1, 2006, after the merger of Bank of America with FleetBoston Financial Group on June 13, 2005, plaintiff purchased the debt of defendants evidenced by the underlying documents to this law suit. (Plaintiffs exhibit J.) On November 8, 2006, plaintiff sent a letter to defendant Metroflor informing it of the purchase of the loan, stating that the records supporting the loan showed a total outstanding principal balance of $97,044.53 plus accrued unpaid interest, and requested: “Please let us know if you dispute the validity of the debt or any portion thereof.” It further directed that all subsequent payments be forwarded to plaintiff. Finally, defendants were instructed that if they were inclined to work out a settlement of the debt they could contact Brown Bark I. It is this communication that forms the basis for the fourth cause of action.
*515 An affidavit of James M. Hrebenar, executive vice-president and chief operating officer of the plaintiff corporation, attests to the assignment of all of the original lender’s right, title and interest in and to the note and the agreement, an outstanding balance of $104,334.44 at the time of the asset assignment and the default of defendant in payment of the line of credit agreement according to its terms from October 24, 2006.
On a motion for summary judgment, the plaintiff must establish a prima facie showing, entitling it to judgment as a matter of law. (Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) The moving party must demonstrate that there are no genuine issues of material fact. (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986].) Only when there is no doubt as to the existence of a genuine issue of fact may summary judgment be granted. (Byrnes v Scott, 175 AD2d 786, 787 [1st Dept 1991]; Gibson v American Export Isbrandtsen Lines, 125 AD2d 65, 74 [1st Dept 1987].)
After the moving party has sustained its prima facie burden, the burden shifts to the defendant, who must then show the existence of a genuine issue of material fact. (Zuckerman, 49 NY2d at 562.) The opposing party must raise triable issues of fact that are based upon more than mere conclusory or unsupported assertions. (Sun Yau Ko v Lincoln Sav. Bank, 99 AD2d 943 [1984], affd 62 NY2d 938 [1984], citing Zuckerman v City of New York, 49 NY2d 557 [1980].)
Plaintiff has established a prima facie case by producing both the line of credit note and the line of credit agreement, as well as the personal guaranty, all of which were signed by defendant Futterman on or about October of 1999. Plaintiff has established that Fleet Bank extended a line of credit to Metroflor in the amount of $100,000, that at the time of the merger and assignment of the debt to plaintiff there was, according to the lender, an outstanding balance of $97,044.53, plus interest, that plaintiff purchased the debt and that defendant has ceased paying the outstanding balance.
With the plaintiff having sustained its prima facie burden entitling it to judgment as a matter of law, the burden shifts to the defendants to show the existence of a genuine issue of material fact. (Zuckerman, 49 NY2d at 562.) Defendants have not met this burden, although they have raised some noteworthy issues.
To put the matter in context, this is an ordinary commercial transaction. (Red Tulip, LLC v Neiva, 44 AD3d 204, 214 [1st Dept 2007].) In such bulk purchases of debt, from a bank, the *516 purchaser, with an allonge, is not required to examine the details of each transaction. (Chemical Bank of Rochester v Haskel, 51 NY2d 85, 93 [1980] [“The State’s interest in free flow of commercial paper does not tolerate the placing of such a burden (to inquire for defenses where none are apparent) on banks acting in good faith”].) The purchaser is entitled to rely upon the representations of the assignor bank, which can document the entire transaction. In this case, it appears that 37 assets were purchased in Pool Asset Number 30. In this case, the assignor bank has attested, by a person with knowledge, that funds were distributed to Metroflor and that at the time of the sale of the debt to plaintiff the principal balance was $97,044.53. (Plaintiffs exhibit A, declaration of Tamara J. Laughinghouse, senior vice-president of Bank of America N.A.; Hospital for Joint Diseases v ELRAC, Inc., 11 AD3d 432 [2d Dept 2004].) Attached as exhibit A is the loan summary for defendants beginning November 12, 1999 and ending April 29, 2006. The issue then becomes not whether the contractual lender to defendant can substantiate the amount of the loan due but whether it must.
Defendants’ answer consists of a general denial and assertion of several affirmative defenses. Most of them have no integrity: specifically the failure to state a cause of action, plaintiff failed to perform its contractual duties, lack of verification, setoff, and failure to mitigate. Lack of personal jurisdiction is asserted and the sixth affirmative defense states, “There is no basis in law or fact or in contract for the damages claimed herein.”
In opposition to the motion defendants argue that Metroflor never received the full line of credit which is what they contend plaintiff is suing for. It is asserted rather that over the course of six years defendants made withdrawals against it and made payments on the line of credit. According to defendants, because plaintiff cannot document the entire history of the line of credit and cannot provide an affidavit of a person with knowledge, since the debt was assigned, they cannot recover the proposed amount due. (See Wamco XVII v Chestnut Estates Dev. Corp., 251 AD2d 888 [3d Dept 1998]; Eugenia VI Venture Holdings, Ltd. v AMC Invs., LLC, 35 AD3d 157 [1st Dept 2006].) Both cases address the quantum of proof necessary to establish how the debt claimed accrued.
“[A]bsent supporting documentary evidence or an explanation as to how the total amount of debt was calculated, The conclusory allegations of plaintiffs employees as to the total amount of outstanding *517 debt arising out of plaintiffs extensions of credit . . . are insufficient to satisfy [its initial] burden’ (Transamerica Commercial Fin. Corp. v Matthews of Scotia, 178 AD2d 691, 694).” (First Am. Bank of N.Y.v L.V. Lowden, Inc., 197 AD2d 774, 775 [3d Dept 1993].)
However, this argument must be tested in the context of commercial transactions where plaintiff relies upon the figures of an originating bank acting in good faith. Thus, the court returns to the original procedural hurdle of whether plaintiff has established a prima facie case and whether defendants have raised a triable issue of fact.
To summarize, the initial response of defendants is that they did not receive the whole, entire line of credit at once. (See affidavit of Futterman ¶¶ 4, 7.) A cursory review of the complaint and the motion discloses that plaintiff makes no allegation to that effect. Defendants do not contest accessing the line of credit. Nor do they assert that they owe no money.
Defendant Futterman also argues that plaintiffs statement of account was mailed to Metroflor at Court Street, Brooklyn, but not to the former office of Metroflor at 88 Wycoff Street in Brooklyn, and, accordingly, was not received. He submits that the notice and demand must be considered a nullity. In any event, by November of 2006 Metroflor was not in business. Defendants do not deny being served with the complaint on March 29, 2007; they received notice of an account stated then. The answer however asserts only a general denial. Defendants do not state that they filed the appropriate documents with the Secretary of State to put the world on notice that Metroflor was a defunct corporation.
Defendant Futterman also argues that his ex-comptroller “destroyed all of the financial records of the company which she kept in her home office so that she could paralyze my business and begin a competing business of her own.” (Affidavit ¶ 5.) There is no specific information, only the foregoing conclusory self-serving statement that defendants’ records were stolen by a disloyal employee. Yet he seeks now a chance to do discovery. However, it is well settled that a “[m]ere hope that somehow the [defendant] will uncover evidence that will prove [its] case, provides no basis, pursuant to CPLR 3212 . . . , for postponing a decision on a summary judgment motion.” (Kennerly v Campbell Chain Co., Campbell Chain Div. McGraw-Edison Co., 133 AD2d 669, 670 [2d Dept 1987].)
*518 Finally, defendants do not contest the validity of the transaction between Brown Bark I and Bank of America. It is asserted only that plaintiff has not established a prima facie case since it has not quantified the loan history and transaction, and that it is plaintiffs duty to do so, not defendants’, so that the burden does not shift in this case.
Viewing the totality of circumstances set forth in the record before the court, the court finds that plaintiff has made out a prima facie case. Plaintiff relies on the records kept in the ordinary course of commercial business affairs for the fact that the principal amount of $97,044.53 was the outstanding amount due as of October 24, 2006 on the defendants’ line of credit. In opposition, defendant has raised no facts that challenge the amount due despite having several opportunities to do so. Defendant Futterman shows an awareness of the line of credit but ignored it when his business closed and he no longer needed it. He alleges a disloyal employee but seemingly chose to ignore the consequences to others of her appropriation of records. He did not honestly answer the complaint with concerns voiced here but perfunctorily avoided a default. In effect defendants lay in ambush and used a commercially reasonable business transaction as a shield against their just debts. They have not suggested a bona fide error in computation. Finally the court is unwilling to accept the contention that the Court Street, Brooklyn address for Metroflor was a random fiction. The fourth cause of action is essentially not defended.
The arguments submitted by defendant do not raise a triable issue of fact.
Accordingly, it is ordered and adjudged that plaintiff, Brown Bark I, L.E, as successor in interest to Bank of America N.A., as successor in interest to Fleet Bank, have judgment in the principal amount of $97,044.53, plus accrued interest in the amount of $7,428.15, with additional interest from November 8, 2006 to the date of judgment plus legal fees of $2,400 against Metroflor Transportation Services, Inc., and Alan Futterman of 76 Trenton Ave, East Atlantic Beach, New York.