■ RBS Citizens, N.A., Respondent, v Dynamic Biz, Inc., et al., Defendants, and Stacey Chiaravalle, Appellant. [914 NYS2d 389]—

Spain, J.P. Appeal from an order of the Supreme Court (Krogmann, J.), entered October 28, 2009 in Warren County, which granted plaintiff's motion for summary judgment and awarded counsel fees.

In this action for recovery of amounts allegedly due plaintiff pursuant to a credit line agreement extended to defendant Dynamic Biz, Inc., payment of which was guaranteed by defend-

---

ants Stacey Chiaravalle (hereinafter defendant) and Nicola Chiaravalle, plaintiff moved for summary judgment seeking repayment of $40,121.68 as well as reimbursement of counsel fees. Defendant answered and Nicola Chiaravalle and Dynamic Biz failed to appear. Supreme Court granted plaintiff's motion, holding all three defendants jointly and severally liable for the full amount, including counsel fees and disbursements. Defendant appeals.

We reverse. Plaintiff failed to set forth sufficient proof in its moving papers to warrant granting summary judgment against defendant. To prevail on its motion for summary judgment, it was incumbent upon plaintiff to "demonstrate, by means of admissible evidence, the execution of the underlying note[ ] and guarantee[ ], and a failure to make the required payments" (*Wamco XVII v Chestnut Estates Dev. Corp.*, 251 AD2d 888, 889 [1998]). Although plaintiff submitted proof of the underlying agreement and guarantee, as evidence of the claimed debt, it submitted only the affidavit of its assistant vice-president, who cited the outstanding principal, interest and charges on the debt without evidence of the history of the credit line or any supporting documentation. "[A]bsent supporting documentary evidence or an explanation as to how the total amount of debt was calculated, 'the conclusory allegations of plaintiff's employees as to the total amount of outstanding debt arising out of plaintiff's extensions of credit . . . are insufficient to satisfy [its initial] burden' " (*First Am. Bank of N.Y. v L.V. Lowden, Inc.*, 197 AD2d 774, 775 [1993], quoting *Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 694 [1991]; *see Wamco XVII v Chestnut Estates Dev. Corp.*, 251 AD2d at 889; *Trustco Bank N.Y. v Higgins*, 191 AD2d 788, 789 [1993]; *HSBC Bank USA v IPO, LLC*, 290 AD2d 246 [2002]).

Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is reversed, with costs, and motion denied.